## DETROIT TRUST CO. v. SCHANTZ et al.

(District Court, E. D. Michigan, S. D. January 31, 1923.)

No. 527.

1. Bankruptcy ⬤288(2)—Trustee's suit to recover property from state court receiver is plenary suit, and not summary proceeding, in bankruptcy court.

Suit by trustee in bankruptcy to recover property in possession of receiver appointed by state court must be brought as a plenary suit, rather than a summary proceeding, in court of bankruptcy.

2. Courts ⬤500—Property in possession of receiver appointed by one court is withdrawn from control of court of co-ordinate jurisdiction.

Where one court has appointed receiver of property, so that such property is in custodia legis, that property is thereby withdrawn from power of possession, custody, or control of all other courts of co-ordinate jurisdiction.

3. Bankruptcy ⬤20(2)—Trustee's complaint respecting state court receiver's possession of bankrupt's property should be presented to such state court.

Complaints by trustee in bankruptcy relative to failure of receiver appointed by state court to keep proper possession of bankrupt's property should be presented to court in which such receiver was appointed, and to which he is accountable.

See, also, 291 F. 915; 14 F.(2d) 225; 16 F.(2d) 943.

Lee E. Joslyn, of Detroit, Mich., for plaintiff.

Charles Bowles and Bela J. Lincoln, both of Detroit, Mich., for defendants.

TUTTLE, District Judge. This is a suit in equity, brought in this court as a court of equity, by a trustee in bankruptcy (elected as such in a bankruptcy cause also pending in this court), to recover certain property alleged by plaintiff to have been fraudulently obtained by the defendant individuals from the plaintiff's bankrupt, in violation of sections 67e and 70e of the Bankruptcy Act (Comp. St. §§ 9651, 9654), and to be claimed by said defendants adversely to the bankrupt and to its said trustee. This cause is now before this court on application by plaintiff trustee for the appointment herein of a temporary receiver of said property during the pendency of this suit. In response to an order to show cause the defendants have appeared special-ly to object to such appointment of a receiver, on the ground that such property is now, and for about a year prior to the commencement of the bankruptcy proceedings on which this plaintiff was elected trustee was, in the legal custody and legal possession of the defendant receiver, duly appointed as such by the circuit court for the county of Wayne, a court of record of the state of Michigan, in a suit pending therein relating to said property. The sole question now presented for decision is whether, under these circumstances (which are not disputed by plaintiff trustee), this court should appoint the temporary receiver thus sought in this cause.

[1] As already indicated, the present suit is not pending in this court as a court of bankruptcy and is not a summary or other bankruptcy proceeding, but is an independent suit brought for the purpose of recovering the property in question. It is properly commenced as a plenary equitable suit in this court as a court of equity, rather than as a summary proceeding in this court as a court of bankruptcy, for the reason that the defendants, or at least the defendant receiver, occupies the status of an adverse claimant with respect to plaintiff trustee (as already decided by this court in its opinion previously filed in said bankruptcy cause). This renders it necessary for the trustee to commence a plenary suit, in this or some other court, rather than a summary proceeding in a court of bankruptcy. The suit, therefore, is to be considered and treated as one between private individuals, and as having the same incidents, and being subject to the same rules and principles, as if the plaintiff were not an officer of this court. Nor is this court to be regarded as a court of bankruptcy for the purposes of the present cause.

[2] Now it is an elementary rule of law that when one court has appointed a receiver of property, thereby establishing its jurisdiction thereover, so that such property is in custodia legis, that property is thereby withdrawn from the power of possession, custody, or control of all other courts of co-ordinate jurisdiction, and no other such court is entitled to assume such possession, custody, or control, either through the medium of a receiver appointed by it or otherwise, at least in the absence, as here, of any statute or rule to the contrary. This principle is too fundamental and well settled to warrant the citation of authorities, and is, in my opinion, clearly applicable to the present case.

[3] Certain complaints are made in the bill to the effect that the defendant receiver has not been keeping proper possession of the

property involved and has otherwise been negligent in his duties. It is, however, obvious that any such complaint or criticism should be presented to the court by which said receiver was appointed and to which he is accountable.

The application for the temporary receiver sought will be denied, and the order to show cause discharged. An order to that effect will be entered.