## DETROIT TRUST CO. v. SHANTZ et al.

(District Court, E. D. Michigan, S. D. September 13, 1923.)

No. 527.

1. **Bankruptcy ⊙⇒296—Bankruptcy court not without jurisdiction of suit to recover property in custody of state court's receiver, where state court consented to suit.**

    As respects bankruptcy trustee's bill to set aside transfer of bankrupt's property, the objection that the property was in the custody of a receiver of the state court, and thereby withdrawn from the jurisdiction of the bankruptcy court, was untenable, where the bill alleged that the state court had consented to the bringing of the suit against its receiver.

2. **Bankruptcy ⊙⇒302(1)—Complaint held to sufficiently charge fraudulent transfer.**

    Bankruptcy trustee's bill of complaint, alleging that within the four months' period the bankrupt with fraudulent intent had entered in the state court a consent decree by which the title to his property was transferred in violation of Bankruptcy Act, §§ 67, 70 (Comp. St. §§

9651, 9654), while he was, and was known by transferees to be, insolvent, *held* to sufficiently charge a fraudulent transfer under section 70e.

3. **Pleading** ☜360(3)—**On motion to dismiss pleading, allegations of fact presumed true.**

On motion to dismiss a pleading, allegations of fact properly pleaded are presumed true and cannot be disputed.

In Bankruptcy. Action by the Detroit Trust Company, trustee of the Theatre Acadamie, a corporation, against Henry B. Shantz, receiver, and others, to set aside an alleged preference. On motion to dismiss the bill of complaint. Motion denied.

Lee E. Joslyn, of Detroit, Mich., for complainant.

Clark, Emmons, Bryant & Klein and Charles Bowles, all of Detroit, Mich., for defendants.

TUTTLE, District Judge. This is a motion to dismiss the bill of complaint herein. The bill seeks to set aside an alleged preferential and fraudulent transfer of property. The motion to dismiss is based on alleged lack of jurisdiction in this court and lack of equity in the bill.

The bill was filed by the Detroit Trust Company, as trustee in bankruptcy of the Theatre Acadamie, a bankrupt corporation, against certain individuals formerly interested in said corporation; the defendant receiver being joined as a party, as he is alleged to have been, before and at the time of the filing of this bill, in possession of the property involved as receiver appointed by the Wayne county circuit court, one of the state courts of Michigan, in certain proceedings in such court. The bill alleges that said circuit court has made an order authorizing and empowering plaintiff to make such receiver a party defendant in this cause.

The allegations of the bill are, in substance, that within four months prior to the filing of the petition in bankruptcy in this court against said corporation, the bankrupt, with intent to cheat and defraud its creditors, agreed to, and did, enter a consent decree in said state court, by which decree the title to certain real estate described in the bill was transferred from the bankrupt to such defendants contrary to the Bankruptcy Act (Comp. St. §§ 9585–9656), "with the intent and purpose of having such transfer operate as a preference, the said defendants knowing and having reason to believe that the enforcement of such a decree would effect a preference."

The bill further alleges that within such four months' period the bankrupt "with the intent and purpose on its part to hinder, delay and defraud its creditors," transferred said property to said defendants by entering said consent decree, in violation of sections 67 and 70 of the Bankruptcy Act, and that the bankrupt entered into a stipulation for the transfer of such property to such defendants without any consideration and for the purpose of hindering, delaying, and defrauding its creditors, and that such acts were performed while the bankrupt was insolvent, and that the defendants to whom said property was so transferred knew that the bankrupt was insolvent and that said

defendants "connived and conspired for the purpose of hindering, delaying and defrauding the creditors" of said bankrupt.

The bill explicitly charges that the transfer in question was not a bona fide transaction, that there was no consideration therefor, and that said property belongs to the estate of the bankrupt; and a decree is sought determining that the title to such property is in the bankrupt and that the defendants have no interest therein.

The motion to dismiss alleges, as its basis: (1) That the subject-matter involved is in the lawful custody and possession of the state court mentioned, through its said receiver, and that therefore such property has been withdrawn from the jurisdiction of this court; and (2) that the present suit "is not one for the recovery of property either preferentially or fraudulently transferred or encumbered," and that the bill is without equity.

[1] 1. As the bill does not seek to disturb the possession of the property in the custody of the receiver of the state court, but relates only to the title to such property, it would seem apparent that the suit does not involve any conflict of jurisdiction between this court and the state court with respect to the property mentioned. It is, however, unnecessary to consider this question, for the reason that, as already noted, the bill alleges that the state court has consented to the bringing of this suit against its receiver. This is sufficient to dispose of the contention of the defendants in this connection.

[2, 3] 2. It is clear, in view of the allegations of the bill already recited, that such bill sufficiently charges and seeks to set aside a fraudulent transfer of the property of the bankrupt which, under the facts presented by the language of the bill, plaintiff trustee is expressly authorized by section 70e of the Bankruptcy Act to sue to set aside in this court as a court of bankruptcy. It is elementary law that the truth of allegations of fact properly pleaded in a bill is conclusively presumed, and cannot be disputed, on a motion to dismiss such bill. The contentions, therefore, that this court is without jurisdiction and that the bill is lacking in equity because it does not allege a voidable or fraudulent transfer, cannot be sustained.

It is plain that the bill on its face shows the jurisdiction and duty of this court to determine whether the acts and transactions therein charged constitute a fraudulent transfer of property of the bankrupt which should be set aside on the complaint of its trustee in bankruptcy. The motion to dismiss must be denied, and an order will be entered accordingly.