## DETROIT TRUST CO. v. SCHANTZ et al.

(District Court, E. D. Michigan, S. D. July 21, 1926.)

#### No. 527.

1. **Judgment ⬅⟿691—Decree in state court, determining that bankrupt had no title to property, held res judicata as against bankrupt and trustee, in suit by trustee to set aside transfer of property.**

Decree in state court, which had not been set aside, determining that bankrupt had no title or interest to property, *held* res judicata as against bankrupt and trustee, in suit by trustee to set aside transfer of property on ground of defrauding creditors of bankrupt.

2. **Bankruptcy ⬅⟿299—In trustee's suit to set aside transfer of property of bankrupt, receiver in state court proceedings, in which it was determined that bankrupt had no title or interest in property, held not necessary party.**

In suit by trustee in bankruptcy to set aside transfer of property on ground of defrauding creditors of bankrupt, receiver in state court proceedings, in which it was determined bankrupt had no title or interest in property, *held* not necessary party.

3. **Bankruptcy ⬅⟿151—Trustee, on its election, became vested with title to only such property as belonged to bankrupt at time of commencement of bankruptcy proceeding.**

Trustee in bankruptcy, on its election, became vested with title to only such property as belonged to bankrupt at time of commencement of bankruptcy proceedings.

4. **Judgment ⬅⟿828(3).**

Bankruptcy trustee *held* without right to have set aside transfer of property which did not, according to decree of state court, belong to bankrupt.

5. **Courts ⬅⟿509.**

That decree in state court, by which it was determined bankrupt had no interest in property, was procured by fraud, would not warrant federal court in setting it aside in a collateral proceeding.

6. **Action ⬅⟿6.**

Moot questions will not be passed on.

In Equity. Suit by the Detroit Trust Company, trustee of the Théâtre Academie, bankrupt, against Henry B. Schantz, receiv-

er, and others. On bill and answer, and proofs taken thereunder. Bill dismissed.

See, also, 291 F. 915.

Joslyn, Joslyn & Joslyn, of Detroit, Mich., for complainant.

Clark, Emmons, Bryant & Klein and Charles Bowles, all of Detroit, Mich., for defendants.

TUTTLE, District Judge. This is a suit by the above-named trustee in bankruptcy, to set aside a certain transfer of property (consisting of real estate situated in this district) alleged to have belonged to the bankrupt prior to the institution of the bankruptcy proceedings against it, on the ground that such transfer was secured by the defendants (other than the receiver, Schantz), acting on behalf of the bankrupt, to be made to said defendants (other than Receiver Schantz), for the purpose of defrauding the creditors of the bankrupt. The cause is at issue on bill and answer, and proofs taken thereunder. The facts involved are somewhat complicated and a recital of them here would serve no useful purpose, in view of the conclusion which the court has reached and which is decisive of this case. The result of those facts is that the defendants (other than Receiver Schantz) are left with said property, and the bankrupt with the debts incurred in the improvement thereof.

[1-4] It is shown by the record that, prior to the institution of said bankruptcy proceedings, the question as to whether said bankrupt had any title or interest in said property was directly presented, fully litigated, and finally decided by a decree of the circuit court for the county of Wayne, a Michigan state court of competent jurisdiction, in a suit in which the defendant Morris Robbins and said bankrupt were plaintiffs, and the defendants Harry Brown and Anna Brown were defendants, by which decree it was determined that said bankrupt had no title nor interest in said property. While Henry B. Shantz, the receiver in the state court proceedings, is here made a defendant, he is not a necessary party. Such decree in the state court has not been set aside nor overruled by said state court, nor by any appellate tribunal, and clearly is, and at the time of the commencement of said bankruptcy proceedings and of the present suit was, conclusive and binding upon the bankrupt, and is res adjudicata here as against said bankrupt and its trustee as to the question of title thereby decided. This question of res adjudicata was not raised on the motion to dismiss the bill previously made in this suit, and therefore has not been, prior to the present time, considered by this court. It is clear that, upon its election as trustee in bankruptcy of said bankrupt, the plaintiff herein became vested with title to only such property as belonged to the bankrupt at the time of the commencement of the bankruptcy proceedings, and has no right to have set aside the transfer of property, such as that here involved, which did not according to the decree of the state court belong to the bankrupt.

[5] It is urged by plaintiff that the decree in the suit in the state court mentioned was procured through collusion and fraud on the part of some of the parties to that suit. That court may not have been advised of the claims against the Théatre Academie and the embarrassment resulting to the creditors holding such claims by the decree entered. Those facts, however, if true, would not warrant this court in attempting to set aside, in this collateral proceeding, the decree thus rendered by that court. Any effort by the plaintiff to have that decree set aside or modified should be addressed to the court which rendered such decree, either by intervention in the suit in which the decree was made or by a separate, plenary suit in said state court.

[6] Various other questions of law are discussed by counsel in their briefs, all of which have been duly considered, but which, in view of the conclusion thus reached and expressed, have now become moot as to this proceeding, and therefore will not be here passed upon. It follows that the bill must be dismissed, without prejudice to any of the rights of the parties in further proceedings in the state court, or in this court, if and when future action by the state court renders any of the questions involved open for consideration and decision by this court. A decree may be entered accordingly.