**DETROIT TRUST CO. v. SCHANTZ et al.**

(District Court, E. D. Michigan, S. D. January 10, 1927.)

No. 527.

Judgment ⚖⇒828(3)—Trustee is bound by state court decree adjudging bankrupt did not own property claimed to have been preferentially and fraudulent transferred.

Trustee in bankruptcy is bound by decree in state court proceedings adjudging that bankrupt did not own property claimed to have been preferentially and fraudulently transferred, in absence of showing that decree was procured by fraud or collusion.

On rehearing. Rehearing denied.

For former opinion, see 14 F.(2d) 225.

Joslyn, Joslyn & Joslyn, of Detroit, Mich., for complainant.

Clark, Emmons, Bryant & Klein and Charles Bowles, all of Detroit, Mich., for defendants.

TUTTLE, District Judge. Three written opinions have already been filed herein, at different stages and on various phases of the proceedings (291 F. 915; 14 F.(2d) 225; 16 F.(2d) 942), and it is unnecessary to here review or discuss the facts and matters described and set forth in the said opinions and in the pleadings and proofs submitted by the parties hereto. In the last opinion filed (after the final hearing) I reached and expressed the conclusion that the bill of complaint should be dismissed. Plaintiff trustee now presents further argument in support of its contention that the prayer of said bill should be granted. That argument has been carefully considered. I am, however, still unable to agree with plaintiff's contentions, and I adhere to the opinion that the bill should be dismissed.

The circuit court for the county of Wayne, Michigan, a court of record of that state, in and by its final opinion and decree (referred to in my opinion last mentioned), duly filed (before the commencement of the bankruptcy proceedings in which the present plaintiff was elected trustee) in a suit properly pending in said court, to which the bankrupt in said bankruptcy proceedings was a party, judicially found and determined that said bankrupt did not own, and never had owned, the property which the plaintiff in the present case, as trustee in bankruptcy of said bankrupt, claims was preferentially and fraudulently transferred by said bankrupt to the defendants herein. Not only must it be presumed that the proceedings in said state court resulting in its said decree were regular and free from fraud or collusion on the part of said bankrupt, but the plaintiff in the present cause has not shown that such decree was obtained by means of any such fraud or collusion by such bankrupt, and I must, and do, find that said decree was not so obtained.

The decree just mentioned was an adjudication, binding, under the principles of the doctrine of res judicata, on the bankrupt corporation and on those in legal privity with said corporation, to the effect that it was not the owner of the property here involved, and therefore could not have transferred such property as here claimed by plaintiff. The plaintiff trustee in bankruptcy of that corporation stands in the shoes, and succeeds to the position, of that corporation with respect to that decree, and is bound thereby, at least in the absence, as here, of a showing that such decree was procured by fraud or collusion on the part of said corporation. Rader v. Star Mill & Elevator Co., 258 F. 599 (C. C. A. 8); O'Sullivan's Trustee v. Douglass, 124 Ky. 243, 98 S. W. 990; 34 Corpus Juris, 1024.

A decree will be entered dismissing the bill.