## In re NEWMAN.
## KERLINGER v. NEWMAN.
### No. 4530.

Circuit Court of Appeals, Third Circuit.
March 4, 1931.

William C. Kronmeyer, of New York City (Frederick S. Taggart, of New York City, of counsel), for appellant.

Louis Ogust, of Newark, N. J., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, Circuit Judge (sworn in as Circuit Judge February 3, 1931).

This is a petition to revise in law an order of the District Court, sitting in bankruptcy, restraining the appellant, Margaret Kerlinger, administratrix, from further proceeding in an action pending in a Court of Chancery of New Jersey, wherein she, as administratrix, is complainant, and Robert Newman, the bankrupt, and Olga Newman, his wife, are the defendants.

Margaret Kerlinger had obtained judgment for $9,785.46 against Robert Newman, the bankrupt, in the New York Supreme Court on June 6, 1924, and on January 3, 1930, in a suit upon that judgment, she obtained judgment for $13,271.76 in the circuit court for Bergen county, N. J. On December 26, 1929, she commenced an action in the Court of Chancery of New Jersey against the bankrupt and his wife, Olga Newman, seeking to have Olga Newman declared trustee for

Robert Newman of property alleged to have been conveyed to her by her husband in fraud of Margaret Kerlinger. That suit was pending when the petition in bankruptcy was filed on September 4, 1930, and Robert Newman was adjudged a bankrupt, and it had been then pending more than four months.

On September 22, 1930, the District Judge entered an order restraining Margaret Kerlinger, as administratrix, from proceeding in the chancery suit until twelve months from September 4, 1930, the date of the adjudication. On October 9, 1930, upon petition of Margaret Kerlinger, administratrix, to vacate the restraining order, he entered an order denying the motion to vacate. Thereupon the appellant filed the petition before us.

In Metcalf Bros. v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122, the facts were somewhat similar. In Mr. Chief Justice Fuller's opinion it was held that the general rule is that the filing of a judgment creditor's bill and service of process creates a lien in equity on the judgment debtor's equitable assets. A final decree in the state court had been recovered within four months of the petition in bankruptcy, but was based on a judgment creditor's bill in equity filed long prior thereto. Although section 67f, Bankruptcy Act (11 USCA § 107(f), authorizes a stay as to liens acquired within four months, the ruling of the Supreme Court was that the lien in equity upon a creditor's bill attaches upon the day of the filing of the bill, and therefore the District Court had no jurisdiction to enter the restraining order. See, also, Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128.

In Tennessee Producer Marble Co. v. Grant, 135 F. 322, this court held that under section 11a of the Bankruptcy Act (11 USCA § 29(a), the bankruptcy court is without jurisdiction to stay a creditor from proceeding in a state court to enforce an attachment lien under the state law; the state court having acquired jurisdiction of the parties and subject-matter and taken possession of the property prior to the filing of the bankruptcy petition. In the opinion by Judge Dallas, Metcalf Bros. v. Barker and Bardes v. Hawarden Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175, were cited in support of his conclusions.

Our conclusion is that the petitioner acquired an equitable lien when her bill in equity was filed, and the court sitting in bankruptcy was without jurisdiction to stay the proceedings.

It is therefore ordered that the restraining order be vacated and dissolved.