### GRAND BOULEVARD INV. CO. v. STRAUSS
et al. and fifteen other cases.
No. 10291.

Circuit Court of Appeals, Eighth Circuit.
July 15, 1935.

Jacob M. Lashly and Arthur V. Lashly, both of St. Louis, Mo., for appellant.

Ben L. Shifrin, Perry Post Taylor, and Taylor, Mayer & Shifrin, all of St. Louis, Mo., for appellees.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from an order made in a debtor proceeding under section 77B of the Bankruptcy Act (11 USCA § 207) relating to reorganization of corporations. The order denied the petition of the debtor for the placing of itself in possession of its property or for the appointment of a trustee to take charge and possession of the property.

The initial petition of the debtor under said section for proposing a plan of reorganization and for proceeding under said section had been filed and approved by the court about a week prior to the filing of the petition here in controversy.

It appears from the record that the debtor was the owner of an apartment house upon which there was a mortgage securing a large amount of outstanding bonds.

About two years before the filing by the debtor of its initial petition under the said section of the Bankruptcy Act, there was default under the mortgage and the debtor turned over possession of the mortgaged property to the trustees under the mortgage in accordance with the provisions of the mortgage reading as follows:

" * * * In the event of default in the prompt payment of the principal or interest or income tax payments or any part thereof maturing September 1, 1940, without any notice whatsoever, the Mortgagor covenants, at any time or times, upon demand of the Trustees forthwith to surrender to them, and the Trustees shall be entitled to take actual possession of the mortgaged property, as for condition broken, and in their discretion may, with or without force and with or without process of law, and before or after declaring the principal of any or all of said bonds immediately due, and without any action on the part of any bondholder, en-ter upon, take and maintain possession of all or any part of said mortgaged property, and hold, manage and operate it and collect the rents therefrom and lease the same in such parcels and for such periods and on such terms as they may see fit. * * *

"Upon the payment in full of whatever may be due for principal or interest on bonds due by lapse of time and not by such declaration, or to be payable for any other purpose, before any sale of the mortgaged property or the entry of any order, judgment or decree for the sale thereof in a judicial proceeding for the foreclosure of the lien hereof, the Trustees, after making such provisions as to them may seem advisable for the payment of the next semi-annual installment of interest and the next installment of principal on said bonds, may restore to the Mortgagor the possession of said property and at the same time submit to the Mortgagor a detailed statement of all receipts, disbursements and charges in connection with their management of the mortgaged property, and said mortgaged property shall thenceforth be subject to this Indenture as if such entry had not been made.

"Section 2. The power of entry and the powers incidental thereto as herein provided for, may be exercised as often as occasion therefor shall arise, and their exercise shall not suspend or modify any other right or remedy hereunder."

The trustees are still in possession of the mortgaged property and have commenced in the state court foreclosure proceedings which, however, have been stayed by that court.

The petition here in controversy was heard upon notice; evidence was taken; but, as above stated, the petition was denied.

The ground on which the petition was denied, while not directly stated in the order itself, appears quite plainly from the memorandum filed in connection with the order. It was, that there was lack of power in the court under sections 77A and 77B (11 USCA §§ 206, 207) to require the turning over of possession from the trustees under the mortgage either to the debtor or to a trustee appointed by the court; in other words, lack of jurisdiction in the court under said sections, inasmuch as there was a mortgagee in possession after condition broken and the pos-

session had continued for more than four months before the filing of the initial petition by the debtor under said section 77B.

The discussion in its memorandum as to the amendment to section 74 of the Bankruptcy Act (11 USCA § 202), and the effect of the lack of a similar amendment to section 77B, clearly indicate that the trial court held the view that it had no authority to make the order prayed for in the petition here in controversy; and not that the court exercised its discretion in the matter.

Any alleged uncertainty in the matter is based upon the fact that the order made by the trial court used the word "overruled" instead of the word "dismissed."

The sole issue presented to this court upon the present appeal is whether the trial court had power to grant the petition here in controversy.

The constitutionality of section 77B is not seriously questioned, and indeed could not well be in view of the decision of the Supreme Court in the case of Continental Ill. Nat. B. & T. Co. v. C., R. I. & P. R. Co., 55 S. Ct. 595, 605, 79 L. Ed. 1110 (called for short the Rock Island Case). The historical development of the several Bankruptcy Acts of the United States and the purpose and scope of section 77 (11 USCA § 205) are set forth at length in the opinion of the court in the case cited, and the court sums up its conclusion on the question of constitutionality as follows: "It follows, from what has now been said, that section 77, in its general scope and aim, is within the power conferred by the bankruptcy clause of the Constitution [article 1, § 8, cl. 4]; and we so hold."

While that case was concerned with section 77 of the Bankruptcy Act, we think what was said in the opinion relative to the constitutionality of that section is also applicable to section 77B.

The Supreme Court in the case cited also considered the question: "Under section 77 does the bankruptcy court have authority to enjoin the sale of the collateral here in question if a sale would so hinder, obstruct and delay the preparation and consummation of a plan of reorganization as probably to prevent it?" and in its consideration said: "The power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is, therefore, inherent in a court of bankruptcy, as it is in a duly established court of equity. Section 262 of the Judicial Code (28 USCA § 377), which authorizes the United States courts 'to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions' recognizes and declares the principle."

And further:

"Moreover, by section 2 (15) of the Bankruptcy Act (U. S. C. title 11, § 11, 11 USCA § 11 (15), courts of bankruptcy are invested with such authority in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, including the power to 'make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act (title).' It may be that in an ordinary bankruptcy proceeding the issue of an injunction in the circumstances here presented would not be sustained. As to that it is not necessary to express an opinion. But a proceeding under section 77 (11 USCA § 205) is not an ordinary proceeding in bankruptcy. It is a special proceeding which seeks only to bring about a reorganization, if a satisfactory plan to that end can be devised. And to prevent the attainment of that object is to defeat the very end the accomplishment of which was the sole aim of the section, and thereby to render its provisions futile.

"The bankruptcy court, in granting the injunction, was well within its power, either as a virtual court of equity, or under the broad provisions of section 2 (15) of the Bankruptcy Act, 11 USCA § 11 (15), or of section 262 of the Judicial Code [U. S. C. title 28, § 384] (28 USCA § 377). * * *

"A claim that injurious consequences will result to the pledgee or the mortgagee may not, of course, be disregarded by the district court; but it presents a question addressed not to the power of the court but to its discretion—a matter not subject to the interference of an appellate court unless such discretion be improvidently exercised."

The court further said: "* * * The equity in the collateral remaining in the railroad company is property; and over this property, wherever located, the federal district court is given exclusive

jurisdiction by the precise language of section 77, just quoted. As a necessary consequence of that jurisdiction, the court must have the power to preserve and safeguard the property for the benefit of the trust estate so far as that is compatible with the rights of the pledgees. Jurisdiction over the property wherever located carries with it jurisdiction to enjoin, in a proper case, interferences with the property."

In the case at bar, as in the Rock Island Case, it is claimed that the sale of the encumbered property under the mortgage or pledge would seriously interfere with the formation and carrying out of a plan of reorganization. This issue was one addressed to the discretion of the trial court and was so held in the case cited.

The question of interference with private contractual rights was also discussed and disposed of in the Rock Island Case. See, also, Straton v. New, 283 U. S. 318, 321, 51 S. Ct. 465, 75 L. Ed. 1060.

It is true that in the case at bar there is involved the question of the rights of a mortgagee in possession for more than four months after condition broken, and this precise question was not involved in the Rock Island Case; but in that case the court used the following significant language: "So far as constitutional power is concerned, there is no difference between an injunction restraining the enforcement of a real-estate mortgage and one restraining the enforcement of a pledge by the sale of collateral security. Such differences as exist affect not the power but the propriety of its exercise—that is to say, the discretion of the court. Such an injunction, as just indicated, is within the contemplation of section 77, and we need not inquire whether it would be admissible under the act in force prior to the adoption of that section."

Conceding, but without deciding, that at common law a mortgagee in possession for four months after condition broken could not be ousted except upon payment of the amount due him, and conceding further, but without deciding, that the several bankruptcy laws of the United States have to some extent recognized this four months' rule, it cannot, we think, be successfully maintained that the Congress may not under its power to enact bankruptcy laws abrogate or disregard such rule.

The question is, Has the Congress done so in enacting section 77B?

That the trend has been toward more and more liberal bankruptcy acts; that the Congress has exercised more and more broadly the powers given it by the United States Constitution to pass Bankruptcy Acts will not be disputed. See the Rock Island Case, supra.

We are, accordingly, of the opinion that the case at bar, in all of its main features, is governed by the rulings in the Rock Island Case, provided the powers given to the court by section 77B under which the case at bar arose are substantially similar in scope, purpose, and effect to those given to the court by section 77 under which the Rock Island Case arose.

Turning to that inquiry, and looking at the acts embracing sections 77 and 77B, respectively (11 USCA §§ 205, 207), we find that each act has as an opening section the following:

"Additional jurisdiction. In addition to the jurisdiction exercised in voluntary and involuntary proceedings to adjudge persons bankrupt, courts of bankruptcy shall exercise original jurisdiction in proceedings for the relief of debtors, as provided in sections [following] * * *" (sections 73, 77A [11 USCA §§ 201, 206]); that each section contains a plan for reorganization of a corporation unable to meet its debts as they mature; that the jurisdiction over the property of the debtor conferred upon the court is substantially the same; by section 77 (a), 11 USCA § 205 (a) as follows:

"Upon the filing of such a petition, the judge shall enter an order either approving it as properly filed under this section, if satisfied that such petition complies with this section and has been filed in good faith, or dismissing it if not so satisfied. If the petition is so approved, the court in which such order approving the petition is entered shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located"; by section 77B (a), 11 USCA § 207 (a) as follows:

"Upon the filing of such a petition or answer the judge shall enter an order either approving it as properly filed under this section if satisfied that such

petition or answer complies with this section and has been filed in good faith, or dismissing it. If the petition or answer is so approved, an order of adjudication in bankruptcy shall not be entered and the court in which such order approving the petition or answer is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located *for the purposes of this section,* and shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a received [receiver] in equity of the property of the debtor by reason of its inability to pay its debts as they mature" (italics supplied);

that the plan of reorganization and the powers conferred upon the court under each section show that the respective proceedings are not ordinary bankruptcy proceedings. The latter look to an immediate liquidation of the assets of the debtor and a distribution of the same. Sections 77 and 77B look to a reorganization of the debtor corporation and a continued operation of the business of the debtor.

■ By section 77 and by section 77B these reorganization proceedings are intended to affect property of the debtor whether in its own hands or in the hands of lienholders.

This is shown conclusively as to section 77 by what is said by the Supreme Court in its opinion in the Rock Island Case above cited.

The same is shown, we think, by such provisions in section 77B as the following:

The plan includes "provisions modifying or altering the rights of creditors generally, or of any class of them, secured or unsecured, either through the issuance of new securities of any character or otherwise" (section 77B (b) (1), 11 USCA § 207 (b) (1).

The plan may include provisions "modifying or altering the rights of stockholders generally, or of any class of them, either through the issuance of new securities of any character or otherwise" (section 77B (b) (2), 11 USCA § 207 (b) (2).

The plan of reorganization may provide for sale of any property of the debtor affected by a lien, even if the lien-

holder does not assent (section 77B (b) (5), 11 USCA § 207 (b) (5).

"The term 'securities' shall include evidences of indebtedness, either secured or unsecured" (section 77B (b) (10), 11 USCA § 207 (b) (10).

The term "creditors" shall include "for all purposes of this section and of the reorganization plan, its acceptance and confirmation, all holders of claims of whatever character against the debtor or its property" (section 77B (b) (10), 11 USCA § 207 (b) (10).

"The term 'claims' includes debts, securities, other than stock, liens, or other interests of whatever character" (section 77B (b) (10), 11 USCA § 207 (b) (10).

The court may "after hearing upon notice to the debtor and to such others as the judge may determine temporarily continue the debtor in possession or appoint a trustee or trustees of the debtor's estate * * * and every such trustee * * * shall have * * * the power to operate the business of the debtor during such period, fixed or indefinite, as the judge may from time to time prescribe" (section 77B (c) (1) and (2), 11 USCA § 207 (c) (1, 2).

The judge may authorize the debtor or a trustee to issue certificates for cash or property approved by the court, which certificate may be given priority over existing obligations secured or unsecured (section 77B (c) (3), 11 USCA § 207 (c) (3).

The court may fix a time within which all claims secured or unsecured must be filed in order to obtain the benefit of a reorganization plan (section 77B (c) (6), 11 USCA § 207 (c) (6).

The court "in addition to the provisions of Section 11 of this Act [section 29 of this title] for the staying of pending suits against the debtor, may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree" (section 77B (c) (10), 11 USCA § 207 (c) (10).

"In case a trustee is not appointed, the debtor shall continue in the possession of its property, and, if authorized by the judge, shall operate the business thereof during such period, fixed or in-

definite, as the judge may from time to time prescribe, and shall have all the title to and shall exercise, consistently with the provisions of this section, all the powers of a trustee appointed pursuant to this section, subject at all times to the control of the judge, and to such limitations, restrictions, terms, and conditions as the judge may from time to time impose and prescribe" (section 77B (c) (11), 11 USCA § 207 (c) (11).

The court may, upon final confirmation, direct a mortgagee of the debtor's property to make transfer or conveyance of the property (section 77B (h), 11 USCA § 207 (h).

"If a receiver or trustee of all or any part of the property of a corporation has been appointed by a Federal, State, or Territorial court, whether before or after this amendatory Act takes effect [June 7, 1934 * * *] a petition or answer may be filed under this section at any time thereafter by the corporation, or its creditors as provided in subdivision (a) of this section and if such petition or answer is approved, the trustee or trustees appointed under this section, or the debtor if no trustee is appointed, shall be entitled forthwith to possession of and vested with title to such property" (section 77B (i), 11 USCA § 207 (i).

■ This last provision is of special interest and importance because in ordinary bankruptcy proceedings a receiver appointed by a state court who had been in possession more than four months prior to the filing of the bankruptcy petition could not be ousted from possession through summary proceedings. Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; Metcalf Bros. & Co. v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Straton v. New, supra; In re Newman (C. C. A.) 47 F.(2d) 750; Marcell v. Engebretson, 74 F.(2d) 93 (C. C. A. 8); Detroit Trust Co. v. Schantz (D. C.) 16 F.(2d) 942. But section 77B (i) expressly invests the bankruptcy court with enlarged powers.

"This section [77B] shall take effect and be in force from and after the date of the approval of this amendatory Act [June 7, 1934], and shall apply as fully to debtors, their stockholders and creditors, whose interests or debts have been acquired or incurred prior to such date, as to debtors, their stockholders and creditors, whose interests or debts are ac-

quired or incurred after such date" (section 77B (p), 11 USCA § 207 (p).

■ It is needless to multiply excerpts from section 77B showing the purpose and scope of the section. We think it clear that the scope and purpose of the section were, broadly speaking, the same as of section 77; and that the powers conferred upon the court to carry out the purpose of the section were equally broad with those conferred in section 77.

The reasoning of the court in its opinion in the Rock Island Case, above cited, and the conclusions reached are, therefore, in our opinion, applicable to the case at bar, so far as concerns the power of the court sought to be exercised.

■ Our conclusions are that the jurisdiction of the bankruptcy court in proceedings under section 77B has been extended by sections 77A and 77B so that it includes all of the property of the debtor, wherever located, even if such property is in the possession of a lienholder, and even if such possession has continued for more than four months prior to the initial petition of the debtor under section 77B; and that the trial court had jurisdiction to entertain the petition here in controversy; and in the exercise of its discretion, to grant or deny the prayer of said petition upon the merits thereof.

We think the views expressed in the foregoing opinion find support in the Rock Island Case heretofore cited; and also in the case of In re Greyling Realty Corporation (C. C. A.) 74 F.(2d) 734. See, also, In re Nineteenth & Walnut Streets Corporation (D. C.) 9 F. Supp. 625.

Both appellant and the trial court have stressed the fact that section 74 (m) of the Bankruptcy Act (see 11 USCA § 202 (m) which provided, "The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed," was, after the decision in the Parmenter Case (In re Parmenter), 70 F.(2d) 929, 935 (C. C. A.), amended by adding thereto the following: "and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court

in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of 'such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered" (section 74 (m) as amended (11 USCA § 202 (m); but that no such amendment was made to section 77B.

The suggested inference is that the Congress did not intend that such broad jurisdiction should be vested in the court under section 77B as was vested in the court by the amendment to section 74 (m).

We cannot acquiesce in the inference suggested.

We quote from the opinion in the Parmenter Case: "In the Parmenter case, foreclosure proceedings had been instituted in the state court, and a receiver had been appointed. The mortgagor had surrendered possession of the mortgaged premises to the trustee under the trust deed, and he in turn had delivered possession of the property to the receiver more than four months prior to the filing of appellee's petition for an extension. Since that time the receiver had had continuous and uninterrupted possession and control of the property under the jurisdiction and authority of the state court in the foreclosure proceedings. The District Court on appellee's petition had restrained the prosecution of the foreclosure proceedings."

But the court said further: "Actual or constructive possession of the security by the debtor is a prerequisite to relief under section 74 [h] of the Bankruptcy Act. It is conceded that appellee was not in actual possession, and the question presented here, but not present in the Landquist case, is whether at the time of filing the petition for extension, appellee Parmenter was in constructive possession of the mortgaged property. We are convinced that this question must be answered in the negative."

We think it is plain that the amendment to section 74 (m) was made in view of the apparent inconsistency between the language of section 74 (m) and that of section 74 (h).

There was no such apparent inconsistency between the several provisions of section 77B, and hence there was no need of such an amendment to that section.

The amendment to section 74 (m) was made for the purpose of enlarging the power of the court to enable it to carry out the purpose of the section; the power of the court under section 77B was ample without amendment to carry out the purpose of that section.

The order and decree appealed from must be reversed and the case remanded with instructions to the trial court to exercise its discretionary power in determining whether the possession now held by the trustees under the mortgage should be transferred to the debtor, or to trustees appointed by the court under the section, whether identical with those in possession or not.

It is so ordered.