**In re Robert N. WILLIS, Nancy L. Willis, Debtors.**

**Bankruptcy No. 7–79–00202–A.**

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

Feb. 11, 1980.

**9.** Note 2 ante.

**12.** Ibid.

Randall Eads, Lebanon, Va., for debtors.

James E. Nunley, Bristol, Va., for trustee.

Buddy H. Wallen, Clintwood, Va., for Cumberland Bank and Trust Co.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This is a procedural question concerning the proper procedure that a creditor shall use in seeking redress under 11 U.S.C. Section 1301 of the *United States Bankruptcy Code* effective October 1, 1979.[1]

Cumberland Bank & Trust Company (Bank), by Counsel, filed a written motion alleging that the Bank is the holder of a judgment lien upon real estate owned by Odra Willis, a co-maker upon the note sued upon with Robert N. and Nancy L. Willis, the Debtors herein. The motion further alleged that the judgment was obtained and docketed in the Clerk's Office of Dickenson County, Virginia wherein the co-debtors real estate is situated and was so docketed on July 9, 1979, in the sum of $10,732.04 with interest and 25% attorney's fees being a joint judgment against the Debtors and Odra Willis. The motion further alleges that the judgment constitutes a valid lien and was such on October 11, 1979, the date the petition of the Debtors was filed herein seeking relief under Chapter 13 (11 U.S.C. § 1301, *et seq.*). The motion seeks relief from the stay of 11 U.S.C. Section 1301, *Supra* thereby permitting the Bank to proceed in the Circuit Court of Dickenson County, Virginia to subject the real estate to the satisfaction of the judgment lien.

The first question to be resolved is procedural. Must a co-debtor seeking relief pursuant to 11 U.S.C. § 1301, *Supra*, proceed by a Complaint in an adversary proceeding pursuant to *Federal Bankruptcy Rules of Procedure* 701, or may the creditor proceed by written motion in the nature of a contested matter under *Federal Bankruptcy Rules of Procedure* 914?

*Rule* 701 provides as follows:

1. *Section 1301. Stay of action against codebtor*

"(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

(b) A creditor may present a negotiable instrument, and may give notice of dishonor of such an instrument.

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by such stay."

"The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to (1) recover money or property, other than a proceeding under Rule 220 or Rule 604, (2) determine the validity, priority, or extent of a lien or other interest in property, (3) sell property free of a lien or other interest for which the holder can be compelled to take a money satisfaction, (4) object to or revoke a discharge, (5) obtain an injunction, (6) *obtain relief from a stay as provided in Rule 401 or 601,* or (7) determine the dischargeability of a debt. Such a proceeding shall be known as an adversary proceeding." (emphasis added)

The procedure contemplated under *Rule* 701 is more formal, orderly and comports with due process more so than the procedure of *Rule* 914. In the words of the Advisory Committee Note following *Rule* 701 the clear intent of *Rule* 701 is to elevate the dignity of a Court proceeding to that of a "complaint" in other courts of record.

On the other hand, *Rule* 914 encompasses procedure seeking relief by written motion with reasonable notice and opportunity for hearing to parties against whom relief is sought. This is less formal than a Complaint under *Rule* 701 and contemplates a procedure where "reasonable notice" is all that is required to interested parties.

The crucial question concerning the appropriate procedure revolves around the intention of the Congress of the United States while drafting the provisions of 11 U.S.C. § 1301, *Supra.* The language embodied therein speaks in terms of "requests". Subparagraph (c) states "on request of a party in interest . . . " the Court shall proceed to hear and grant relief in the premises. The meaning of the word "request" must be interpreted in light of the substance of 11 U.S.C. § 1301, *Supra,* and the importance Congress attached thereto while enacting the Section. The general law relating to co-makers or others secondarily liable under "Wage earner proceedings" administered under the *Bankruptcy Act* of 1938, granted to a Debtor little relief where his co-makers, sureties or guarantors were being sought by creditors of the Debtor. To effect a remedy for debtors under Chapter 13 in this field, the Congress saw fit in their wisdom to specifically enact a provision accommodating this vexing problem which heretofore had confronted debtors in "wage earner proceedings". In doing so, the Congress provided in 11 U.S.C. § 1301, *Supra,* protection for the debtor and a remedy to creditors whose debts had secondary liability as provided therein. The narrow provisions of 11 U.S.C. § 1301, *Supra,* contain the remedy available to creditors, and in such narrow terms this Court finds an intent to limit this remedy to the precise provisions of the Section. The dignity accorded this specific Section by the Congress in its wisdom and efforts to provide rehabilitation to financially strapped debtors shows an intent, by the Congress, to specifically legislate the standard. Prior to the enactment of the United States Bankruptcy Code which became effective October 1, 1979, and specifically Section 11 U.S.C. § 1301, *Supra,* the success or failure of the rehabilitative process in a "wage earner plan" depended, for the most part, upon what accommodation the Debtor could make with his or her creditors which would protect the co-maker.

Not only are the general provisions of 11 U.S.C. § 1301, *Supra,* significantly important, but the ultimate impact of this Section on the rehabilitative process is its elevation to the dignity and power of a "stay". The stay of 11 U.S.C. § 1301, *Supra,* as is true in the "automatic stay" of 11 U.S.C. § 362 is invoked immediately upon the filing of a petition. It is neither necessary or encumbent upon a debtor to seek such stay in these matters from the Court. On the other hand, the burden is upon those seeking removal therefrom to proceed in proper fashion in the court to effect their remedy as the Congress has provided.

The *Rules of Bankruptcy Procedure* presently in effect, *Rule* 701, *Supra,* provides that relief from a "stay" is by Complaint in an adversary proceeding. Necessarily, the "stay" of 11 U.S.C. § 1301, *Supra,* should also require pleadings of the dignity

of an adversary proceeding where essential parties are properly joined, due service of process made by summons and heard under procedure provided in adversary proceedings *Federal Bankruptcy Rule* 701, *et seq.,* and *Federal Rules of Civil Procedure.* No less procedural remedies should be accepted when relief is sought under 11 U.S.C. § 1301, *Supra.*[2]

Accordingly, the words "on request of a party" would appear to mean a complaint instituting an "adversary proceeding" under *Rule* 701 seeking relief from the stay.

Relief by Complaint instituting an adversary proceeding is likewise, supported by the author in 2 *Collier on Bankruptcy* (15th Ed.) Section 362.08 as follows:

"The existing Rules of Bankruptcy Procedure remain in effect to the extent not inconsistent with the Code until replaced by new rules. The word "request" is used to denote the pleading which initiates a proceeding seeking relief from the automatic stay. No position is taken in the Code on the question of whether the request should be denominated as a complaint, motion, application or some other form of pleading. Accordingly relief from the stay will, until new rules are promulgated, be sought by filing a complaint with the bankruptcy court."

Accordingly, it is

## ORDERED

that the motion filed herein seeking relief be, and the same is hereby denied without prejudice to the Bank to file its Complaint herein pursuant to *Rule* 701 if it be so advised, for such relief as the creditor deems appropriate.

---

**2.** The House Committee Report states the purpose of this section as follows:

"This section is new. It is designed to protect a debtor operating under a chapter 13 individual repayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have cosigned an obligation of the debtor. The protection is limited, however, to ensure that the creditor involved does not lose the benefit of

bargain he made for a cosigner. He is entitled to full compensation, including any interest, fees, and costs provided for by the agreement under which the debtor obtained his loan. The creditor is simply required to share with other creditors to the extent that the debtor will repay him under the chapter 13 plan. The creditor is delayed, but his substantive rights are not affected. House Report, p. 426."