In re CLOUD NINE, LTD., a New Mexico Limited Partnership, Debtor.

SECURITY BANK & TRUST, a New Mexico Banking Corporation, and American Bank of Commerce and National Bank, Plaintiffs,

and

Bankers Union Life Insurance Company, Plaintiff in Intervention,

v.

CLOUD NINE, LTD., a New Mexico Limited Partnership, Debtor and Debtor-in-Possession, Defendant,

and

Cloud Country Property Owners Creditors Committee, Defendant in Intervention,

and

Ira Rupp, Jr., and Waterfall, Inc., a New Mexico Corporation, Defendant in Intervention,

and

Jack Stahl, as Chairperson of Creditors Committee, Defendant in Intervention.

Bankruptcy No. 79–01160P.
Adv. No. 80–0010.

United States Bankruptcy Court,
D. New Mexico.

March 12, 1980.

Kenneth C. Downes, Albuquerque, N. M., for Cloud Nine, Ltd.

Jennie D. Behles, Albuquerque, N. M., for Security Bank & Trust.

Wayne A. Jordan, Alamogordo, N. M., for Bankers Union Life Ins. Co.

William J. Lock, Albuquerque, N. M., for Cloud Country Property Owners Creditors Committee.

Stanley C. Sager, Albuquerque, N. M., for Ira Rupp, Jr., and Waterfall, Inc.

Carl J. Butkus and C. LeRoy Hansen, Albuquerque, N. M., for Jack Stahl, as Chairperson of Creditors Committee.

ORDER PERMITTING INTERVENORS

LOUIS PUCCINI, Jr., Bankruptcy Judge.

The Motions of the three (3) Defendants-in-Intervention, having come on for hearing on March 6, 1980, and the Movants appearing by their respective attorneys, and the Debtor-in-Possession appearing by its designated agent and its attorney, Kenneth C. Downes; the Plaintiff Security Bank and Trust appearing by its attorney, Jennie Behles, and Plaintiff Bankers Union Life Insurance Company not appearing, the Court having heard the arguments of counsel, and Plaintiffs having opposed the intervention of all three (3) Defendants-in-Intervention on the grounds that they had no direct lien or other encumbrance on the real estate claimed secured by Plaintiffs and are therefore not proper parties to an adversary proceeding to lift the automatic stay provided by § 362 of the Bankruptcy Code; and further that if said Intervenors did have any encumbrance or other claim on said real estate that they would nevertheless be unsecured claimants pursuant to § 506(a) of the Bankruptcy Code and therefore not proper permissive intervenors. Further, the Court is aware that there are a number of cases limiting intervention under the former Bankruptcy Act pursuant to F.R.B.P. 724 and F.R.C.P. 24, generally holding that when the issues raised by the intervenors are distinct from those involved in the adversary proceeding brought by the Plaintiff the right to intervene should not be granted. Further, there is no absolute right to intervene, and intervention is permissive rather than mandatory. *In re Watkins Investments*, 5 CBC 253 (1975). However, all of these prior cases relate to the superseded Bankruptcy Act (11 U.S.C. § 1 et seq.). The Plaintiff's complaint requests lifting the automatic stay so as to permit the Plaintiff to foreclose its claimed interest in extensive real estate securing claimed indebtedness totaling some $3,575,474.00, plus accrued interest. This real estate constitutes most, if not all, assets of the Debtor.

■ This case was filed after October 1, 1979, and is controlled by the Bankruptcy Code. Counsel have represented that they have researched this issue and there appear to be no reported cases concerning intervention decided under the Bankruptcy Code. This is a case of first impression in this Court.

The statutory language of the Code does appear to contain some authority on this subject, which is contained in the Reorganization Chapter itself. Although not specifically addressed to adversary proceedings concerning relief from the automatic stay, § 1109a of the Bankruptcy Code (11 U.S.C. § 1109a) labeled "Right to be Heard", directs itself to the Securities and Exchange Commission intervention problem which was the subject of much litigation under the old Act. That section goes further under § 1109b and states:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Section (b) admittedly does not specifically include nor exclude adversary proceedings.

This Court would interpret the right granted to the named parties to be heard "on any issue in a case", without limitation on the types of issues, to include an adversary proceeding to lift the automatic stay on virtually all assets of the Debtor. The Intervenors do not seek to intervene to try new or related issues but only to represent their client's interest in this proceeding.

All of the Intervenors are included within the definition of parties who have a right to be heard; Intervenors Ira Rupp and Waterfall, Inc. are creditors and have filed a Proof of Claim for over $3,000,000.00 in these proceedings; and Jack Stahl, acting in his capacity as Chairperson of the first Creditors' Committee and the Property Owners Creditors' Committee, both duly appointed creditors' committees in this proceeding, are also included. Further, Ira Rupp and Waterfall, Inc. and the first Creditors' Committee are all interested par-

ties as creditors since lifting the automatic stay herein would effectively remove most, if not virtually all, assets from the estate, obviously leaving little if any assets for unsecured creditors. This property is likely to be necessary for an effective reorganization. Further, the Intervenors have evidenced sufficient interest in this matter to participate in the preliminary hearing and to move to intervene in the final hearing.

Ira Rupp and Waterfall, Inc. have even an added interest in that they are or were former limited partners in a preceding or related partnership entity and their interests (although not brought to the attention of this Court) could be affected by the Chapter 11 proceedings. Also, many of the major creditors participating as members of the creditors' committee, chaired by Jack Stahl, were also partners in a preceding or related business entity and their interest, including liability, could be affected by these proceedings. Finally, the Property Owners Creditors' Committee, representing some approximately 1,400 property owners, who claim some interest either in the realty itself, which may be the subject of the foreclosure, or if the property owner claims fee ownership then the owner nevertheless could be affected by this adversary proceeding since the fee owner still may claim to be a creditor on the contract obligations of the Debtor to provide maintenance, utility service, roads and other benefits which could and most likely would be affected by the outcome of this adversary proceeding. This Court has already determined that all of the property owners are creditors and have been duly listed as such in the schedules.

All of these Intervenors have additional rights granted by the Bankruptcy Code to participate in the Chapter 11 proceedings, § 1103 Bankruptcy Code (11 U.S.C. § 1103), including the right to file a proposed Plan of Reorganization if the Debtor has not filed a Plan within 120 days of the Order for Relief, which the Debtor herein has failed to do within the time provided. § 1121(c) Bankruptcy Code (11 U.S.C. § 1121(c)). That section includes all of the proposed intervenors within the group who may now file a Plan, stating:

Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if . . . ..

■ The prior cases generally hold that the rule on intervention should be liberally construed, but such liberality does not permit indiscriminate intervention. *In re Watkins Investments, supra,* at 256, citing cases.

The comment found following § 1109 states:

. . . section 1109(b) continues the broad concept of the absolute right to be heard in order to insure fair representation in the case and prevent excessive control by insider groups. Bankruptcy Code (1979 Collier Pamphlet Ed.).

Section 1109(b) must be construed broadly to permit parties affected by a Chapter 11 case to appear and be heard. 5 *Collier on Bankruptcy,* (15 ed., 1979) 1109.02(3), at 1109–23.

Therefore, this Court holds that all of the Intervenors are proper parties to participate in the pending adversary proceeding to lift the automatic stay. However, the only issues that will be tried will be those properly relating to the complaint to lift the automatic stay, any other matters the Intervenors may have with the Debtor or other parties to this adversary proceeding will not be raised in this case. Any non-related issue may be raised by separate adversary proceedings.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Intervenors Ira Rupp and Waterfall, Inc., Creditors' Committee (Jack Stahl, Chairperson), and the Property Owners Creditors' Committee motions are hereby granted, without limitation to participate in these proceedings.

IT IS FURTHER ORDERED that the Intervenors shall not be permitted to raise any issues unrelated to the issues raised in this adversary proceeding concerning the automatic stay.

IT IS FURTHER ORDERED that the Intervenors shall have up to and including Tuesday, March 11, 1980, in which to file additional responsive pleadings herein, and that if the Property Owners Creditors' Committee and Ira Rupp and Waterfall, Inc., do not file any additional response, their proposed answers attached to their motions to intervene shall be deemed as answers to said complaint.