## COURTNEY *vs.* THE NEW YORK CITY INSURANCE COMPANY.

Whenever a loss of property insured occurs, and the insurers have notice, and are furnished with the preliminary proofs required by the conditions of insurance, the amount of the loss becomes, by force of the contract, a debt, payable to the insured presently or at the time appointed in the policy. And whenever the right of property in the debt thus attaches and becomes perfect, all the incidents of property attach, also, including the power of sale and disposition.

Hence a condition, annexed to a policy of insurance and forming a part of the contract, the purpose of which is to prevent a sale and assignment of the debt by the assured, after the same has accrued and the right to it has become perfect, is void, *it seems ;* and cannot be enforced, for the reason that it is repugnant to the principal object of the contract.

The reasoning and conclusion of the court upon this point, in *Goit* v. *The National Protection Ins. Co.,* (25 *Barb.*189,) approved.

A condition declaring that policies subscribed by the insurers shall not be assignable before or after a loss, without their consent, indorsed thereon; and that in case of assignment without such consent, whether of the whole policy or of any interest in it, the liability of the assurers in virtue of such policy shall thenceforth cease, is to be construed to mean their liability as insurers, for losses to accrue thereafter, and not for losses which have already accrued.

If, after a loss has occurred, the assured, by deed of assignment, sells, assigns and transfers to another the debt, demand and right of action which have accrued to him in consequence of the loss by fire, the policy, and the contract to insure in future, will not pass by the assignment; but the right of action for the debt or demand will pass to the assignee, who may sue thereon.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover the amount of a policy of insurance for $650, effected June 1, 1854, upon

the contents of a shop and dwelling of Michael McNamara, in Brooklyn, on which a total loss was claimed to have happened on the 1st of September, 1854. On the 31st day of May, 1855, McNamara executed, under his hand and seal, the following assignment to the plaintiff: " Know all men by these presents, that I, Michael McNamara, for and in consideration of the sum of $500, to me in hand paid by Thomas Courtney, of the city of Brooklyn, the receipt whereof is hereby acknowledged, do hereby sell, assign, transfer, and set over unto the said Thomas Courtney all debts, dues, claims, demands, actions and rights of action which I have, or which belong or accrue to me against and from the New York City Insurance Company, growing out of loss and damage by fire of the property and premises described in Policy No. 1135, issued by said company; or growing out of any other matter or thing whatsoever. To have and to hold all and singular the premises hereby assigned to the said Thomas Courtney, his executors and administrators and assigns for ever."

Under and by virtue of this assignment, the plaintiff claimed to recover $650, the whole amount insured, with interest. The defendants, by their answer, alleged, among other defenses not necessary to mention, that the policy, by express condition, was not assignable, either before or after loss, and that the assignment to the plaintiff rendered the policy void.

The referee reported in favor of the plaintiff for the whole amount claimed; and judgment was entered upon his report, for the amount, with costs, and the defendants appealed.

*A. K. Hadley*, for the appellants.

*D. P. Barnard*, for the respondent.

*By the Court*, BROWN, J. The contract of insurance was between the New York City Insurance Company and Michael McNamara. The loss by fire occurred on the 1st of September, 1854, and on the 8th of the same month the defendants

were served with notice and with the preliminary proofs required by the 8th condition annexed to the policy. On the 31st day of May, 1855, after the service of the preliminary proofs of the loss, and after McNamara's right to the amount of the loss had accrued and become perfect, he assigned the claim or demand to the plaintiff by deed duly executed, of that date. Amongst the conditions annexed to the policy, and which are made a part of the contract, is one in the following words, numbered 4 : " Policies of assurance subscribed by this company shall not be assignable before or after a loss, without the consent of the company expressed by indorsement made thereon. In case of assignment without such consent, whether of the whole policy or of any interest in it, the liability of such company in virtue of such policy shall thenceforth cease," &c.

Whenever the loss occurs and the company have notice and are furnished with the preliminary proofs required by the conditions, the amount of the loss becomes, by force of the contract, a debt payable to the insured presently or at the time appointed in the policy. If the purpose of the 4th condition, or one of its purposes, is to prevent a sale and assignment of the debt after it had accrued and the right to it become perfect, I very much doubt whether such a condition is valid or can be enforced, for the reason that it is repugnant to the principal object of the contract. Whenever the right of property in the debt or damages attaches and becomes perfect, all the incidents of property attach also, including the power of sale and disposition. Now this power of sale and disposition is inseparable from the absolute right of property, and any condition of the kind attached to the sale of real or personal estate, when there is no reverter or reversionary estate in the vendor, is repugnant and absolutely void. (1 *Bac. Abr.* 646. 4 *Kent's Com.* 131. *Bradley* v. *Peixoto,* 3 *Ves.* 324.)

The effect of such a condition is quite obvious, whatever may have been the motive which made it a part of the policy. It is not to define, ascertain and preserve the rights of the

parties, to avoid or terminate controversies and promote the ends of justice. It evidently contemplates nothing short of resistance and litigation, and thus essays, in advance, to choose its adversary. It is a positive impediment in the way of the assured, for it forbids him to sell, assign or hypothecate his claim or to realize a dollar towards the reparation of his loss and the renovation of his property, except at the pleasure of the company, or the worse alternative of a protracted and costly controversy. It puts it in the power of the insurer to prescribe terms of adjustment in disregard of the rights of its weaker adversary. The business of insurance is a most commendable and useful pursuit, fruitful of the happiest and most beneficial results, when conducted with integrity and good faith, and when losses honestly and innocently sustained are promptly liquidated by a ready execution of its obligations. But when they are repudiated or evaded, when just claims are answered by doubts and delays, and technical objections—founded perhaps upon some informality in the preliminary proofs, or as in this case upon some of the numerous conditions annexed to the contract—and finally by a flat refusal to pay, and a litigation unscrupulous and protracted, then it becomes a substantial oppression, and a calamity more grievous than the conflagration in all its fury. I do not think it necessary to determine this question, however. If it were, I should most readily adopt the reasoning and conclusion of Mr. Justice Allen, in *Goit* v. *The National Protection Insurance Company*, (25 *Barb.* 189,) published since the argument. The right of the plaintiff to sustain this action may, I think, be safely placed upon another ground.

Conditions of this kind are to be construed strictly; for they are manifestly in restraint of the free use and enjoyment of the rights of the assured under the contract, and are among the number of those almost innumerable conditions, usually inserted in contracts of this kind for the benefit of the insurers, and which not unfrequently escape the notice of the assured at the time of making the contract. It is the policy of

insurance that is not assignable either before or after a loss, without the consent of the insurer. And in case of such assignment without consent, the liability of the company in virtue of such policy shall thenceforth cease. Not that its obligation to pay a debt which has already accrued shall be discharged and extinguished, but that the contract of insurance and of future liability shall cease. The language of the condition can have full effect and receive a sensible construction without destroying or impairing the right to recover a debt already accrued. And that is to regard the language as referring to the future liability of the company and its obligation to make good losses to accrue thereafter. The liability of the company to the holder of the policy is of two kinds, entirely different, and capable of separation; continued liability as assurers, and liability to pay damages which have accrued, and the right to which have become perfect. In the event of a partial loss, the policy does not cease. The obligation to pay such loss as has occurred exists at the same time with an obligation to make good any loss to be sustained thereafter, qualified of course by the amount of the insurance effected. In the event of a partial loss the damages which have accrued may be assigned to a third person, while the policy may still be held by the insured as security for future losses. The two kinds of liability are clearly distinguishable and severable. Upon looking at the deed of assignment it will be seen that the subject of it is not the policy of insurance, but the debt, demand and right of action which had accrued to the assignor in consequence of the loss by fire. The policy, and the contract to insure in future, did not pass by the assignment, but remained in its original condition.

I am therefore of opinion that the words " the liability of the company in virtue of such policy shall thenceforth cease," must be construed to mean its liability as an insurer for losses to accrue thereafter, and not for losses which have already accrued; and consequently the judgment should be affirmed.

[ORANGE GENERAL TERM, September 14, 1858. *S. B. Strong, Emott* and *Brown,* Justices.]