BECK-BROWN REALTY COMPANY, Plaintiff, *v.* LIBERTY BELL INSURANCE COMPANY, Defendant.

Supreme Court, Kings County, April 19, 1930.

*Henry Hetkin,* for the plaintiff.

*Powers & Kaplan,* for the defendant.

DUNNE, J. The complaint alleges that a certain mortgagee of premises was insured against loss by fire; that said mortgagee was in possession of the bond and mortgage at the time of the destruction of the premises by fire; that thereafter there was an assignment of the bond and mortgage and also an assignment of all right, title and interest in and to the said policy from the mortgagee to plaintiff. The latter sues to recover under the fire insurance policy, and in connection therewith asks that a part of the description of the property be stricken out and the policy be reformed because of the mutual mistake and fraud on the part of the insurance company. Defendant moves to dismiss the complaint on the ground that the contract in question is not one that may be assigned, and that an

assignee may not sue to reform a contract to which said assignee was not a party.

A contract of insurance is personal as to the assured. It is not such an incident of property as will pass *ipso facto* to an alienee or vendee upon the conveyance of the property. This is true since the character of the assured is an important element in the contract and one person cannot be substituted for another without the consent of the insurer. The reason for the rule is apparent. In the case of *State Mutual Fire Insurance Co.* v. *Roberts* (31 Penn. St. 438, cited in *Shotwell* v. *Jefferson Insurance Co.*, 18 N. Y. Super. Ct. 247) it was stated: " The safety of the insurer is dependent much upon the character of the assured — not alone upon his integrity and good faith, but upon his habits of carefulness, prudence and vigilance. It is not the purpose to stipulate for a new contract with the assignee. It is designed, rather, to afford substantial protection to the underwriters, by enabling them to preserve, during the continuance of the risk, the safeguards which existed at its origin — those found in the honesty and watchfulness of the assured." Before loss, the insurer is subjected to a risk, and it is this risk which the insurer may exempt from assignability except upon its own consent. Upon loss, however, the risk disappears and nothing remains except the assured's right to payment — a mere chose in action which may be assigned within the limitations of any other chose in action. Thus an assignment of a fire insurance policy subsequent to a loss is valid, regardless of the condition of the policy. (*Courtney* v. *New York City Ins. Co.*, 28 Barb. 116; *Nease* v. *Ætna Ins. Co.*, 32 W. Va. 283; 9 S. E. 233; *Franklin* v. *National Ins. Co.*, 43 Mo. 491; Wood Ins. § 94; May Ins. § 386; 2 Beach Ins. § 1114.) The second point raised by the defendant is also untenable. In *Hunt* v. *Provident Sav. Life Assur. Soc.* (77 App. Div. 338) it was held that the assignee of the beneficiary under a life insurance policy has a right to sue for the reformation thereof after the death of the insured. I think the rule there stated applies with equal cogency where the loss has occurred under a policy of fire insurance. Further, " the cause of action for the reformation of a contract on account of fraud or mutual mistake is assignable and passes by an assignment of the contract." (*Bentley* v. *Smith*, *41 N. Y. [2 Keyes] 342; 1 Abb. Ct. App. Dec. 126.)

Motion denied.