**In the Matter of the Arbitration between
PUERTO RICO MARITIME SHIPPING
AUTHORITY, Petitioner,**

**and**

**STAR LINES, LTD., Respondent.**

**No. 79 Civ. 2659.**

United States District Court,
S. D. New York.

Nov. 26, 1979.

Proskauer, Rose, Goetz & Mendelsohn by Morton M. Maneker, David A. Aronson, New York City, for petitioner.

Curtis, Mallet-Prevost, Colt & Mosle by Peter Fleming, Jr., Philip M. Chiappone, New York City, for respondent.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Petitioner Puerto Rico Maritime Shipping Authority ("PRMSA") has filed, pursuant to Section 9 of the United States Arbitration Act, 9 U.S.C. § 9, a verified petition seeking confirmation of an opinion and award issued on March 6, 1979, by a duly-constituted three-member arbitration panel sitting under the auspices of the Society of Maritime Arbitrators. Respondent Star Lines, Ltd. ("Star Lines") has responded to the petition by moving to remand the arbitration award to the arbitration panel for further consideration. The court concludes that, for the reasons stated below, Star Lines' motion to remand should be denied, and PRMSA's petition for confirmation of the arbitration award should be granted.

*Statement of Facts*

Effective May 18, 1976, PRMSA and Star Lines entered into an agreement involving an ocean shipping service between points on the East Coast of the United States and points in the Persian Gulf. The agreement

provided that either party could terminate the agreement, prior to the expiration of the maximum term of 16 months, upon giving the other party notice. On February 15, 1977, PRMSA notified Star Lines of its intent to terminate the agreement; thereafter, PRMSA chartered its vessel, the S.S. Puerto Rico, to another steamship company, Pacific Far East Line ("PFEL"). After PRMSA operated its last voyage under the Star Lines agreement, PRMSA withdrew from service to the Persian Gulf.

Star Lines claims that the charter to PFEL breached Article 23 of the agreement between PRMSA and Star Lines. Article 23 provides:

> Principal [PRMSA] hereby covenants and agrees that it will not during the first sixteen (16) months following the effective date hereof (notwithstanding any prior termination hereof), either itself or through agents other than Agent [Star Lines], charterers or subcharterers, representatives or affiliates, provide in the non-United States ports and countries covered by this Agreement the same or similar services to be provided by Agent hereunder.

On April 19, 1977, Star Lines notified PRMSA of its intent to invoke arbitration. Star Lines and PRMSA asserted numerous claims against each other. The alleged breach of Article 23, the only issue raised in Star Lines' motion to remand, was one of the claims considered by the arbitration panel. On this issue, the arbitrators held that PRMSA's charter to PFEL did not breach Article 23 of the agreement. On March 6, 1979, the arbitration panel issued an opinion and an award in PRMSA's favor.

*Standard of Review*

█ Under 9 U.S.C. § 9, this court must grant an order confirming the arbitration award unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of the title. The relevant subsection, 9 U.S.C. § 10(d), provides that the court may vacate an award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

The Second Circuit has held that Section 10(d) allows the court to vacate an arbitration decision only where the decision is "irrational" or "manifestly disregards the law." *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424, 430–31 (2d Cir. 1974); *see Andros Compania Maritima v. Marc Rich & Co., A. G.*, 579 F.2d 691, 703–04 (2d Cir. 1978); *Puerto Rico Maritime Shipping Authority v. Star Lines, Ltd.*, 454 F.Supp. 368, 372 n.5 (S.D.N.Y.1978) (Carter, J.). Moreover, Star Lines bears the burden of proving that the award should not be confirmed because it is "irrational" or "manifestly disregards the law." *See Bell Aerospace Co. v. Local 516, International Union, UAW*, 356 F.Supp. 354, 355 (W.D.N.Y.1973), *modified on other grounds*, 500 F.2d 921 (2d Cir. 1974).

Thus, the Second Circuit has explained:

> This court has not been receptive—at least in recent years—to invitations to second-guess an arbitrator's resolution of a contract dispute. In *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2d Cir. 1974), we declined to disturb an award which we characterized as 'based on a clearly erroneous interpretation of the contract,' adding that '[w]hatever arbitrators' mistakes of law may be corrected, simple misinterpretations of contracts do not appear one of them.' . . . We have consistently accorded the narrowest of readings to the Arbitration Act's authorization to vacate awards '[w]here the arbitrators exceeded their powers,' 9 U.S.C. § 10(d), especially where that language has been invoked in the context of arbitrators' alleged failure to correctly decide a question which all concede to have been properly submitted in the first instance.

> . . . When arbitrators explain their conclusions . . . in terms that offer even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however persuasively, for a different result.

**16**

Andros Compania Maritima v. Marc Rich & Co., supra, 579 F.2d at 703, 704; see United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

*Article 23·*

■ The court concludes that the arbitrators decision regarding Article 23 of the agreement between PRMSA and Star Lines was not irrational or in manifest disregard of the law. The arbitration panel interpreted Article 23 as prohibiting PRMSA, directly and indirectly, from providing the same or similar services previously provided by Star Lines, but not as prohibiting PRMSA from chartering its vessel to PFEL. The arbitration panel rejected Star Lines' argument that the phrase "through . . . charterers and subcharterers" in Article 23 prohibited PRMSA from chartering its vessel to a party who might then enter the Persian Gulf trade. The record reveals that there was ample evidence which might support the arbitration panel's decision. Moreover, the arbitration panel appears to have fully considered the numerous arguments pressed by both sides. The panel's majority opinion simply declines to agree with the contentions advanced by Star Lines. Clearly, then, Star Lines has not proved the arbitration decision to be irrational or in manifest disregard of the law.

In particular, Star Lines objects that the arbitration panel's reading of the words "through . . . charterers or subcharterers" is irrational. This court cannot agree that the panel's decision to adopt the reading of these words suggested by PRMSA's witnesses was irrational. This court need not discuss this point in great detail, as even a cursory reading of the record in this case reveals that the panel's interpretation is plausible and reasonable—a far cry from irrational.

In any case, an order remanding this matter to the arbitrators for a reconsideration of Article 23 would be rather meaningless in light of the arbitrators' views on damages under that claim: "The Panel feels that it should say, however, that it is the view of the whole Panel that even if there

were a breach, the Panel is far from satisfied that it has been proved that Star Lines, Ltd. (as distinct from the Star group as a whole or some member of it) has suffered damage."

*Conclusion*

For the reasons stated above, the court denies Star Lines' motion to remand and concludes that the arbitration award should be confirmed. Petitioner is hereby ordered to submit a proposed order within five days of the filing of this opinion.

So ordered.