In re COLUMBIA RIBBON AND CARBON MANUFACTURING CO., INC., Debtor,

MANCHEM, INC., Plaintiff,

v.

Ira S. GREENE, Trustee and Chemical Bank, Defendants.

Bankruptcy No. 80 B 10040.
Adv. No. 81-5232-A.

United States Bankruptcy Court,
S. D. New York.

Aug. 11, 1981.

Kaye, Scholer, Fierman, Hayes & Handler, New York City, for Chemical Bank.

Durand, Gorman, Heher, Imbriaco & Lynes, Princeton, N. J., for Manchem, Inc.

## MEMORANDUM AND ORDER

JOHN J. GALGAY, Bankruptcy Judge.

The issue presented to the Court for resolution is whether plaintiff, Manchem, Inc., (Manchem) is entitled to relief from the stay imposed by Section 362 of the Bankruptcy Code, 11 U.S.C. § 362(a)(3). This Court, after a review of the facts of this case and the applicable law, concludes, that the stay should be modified to permit Manchem to pursue its remedies under 2–507(2) of the Uniform Commercial Code.

The relevant facts are as follows. On January 11, 1980, the debtor, Columbia Ribbon & Carbon Co., Inc. filed its petition for relief pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., and continued in possession of its properties and in the operation of its business until December 12, 1980 when this matter was converted to a case under Chapter 7 of the Bankruptcy Code.

On November 17, 1980, Manchem sold and delivered to the debtor 3,000 lbs. of a chemical known as Manox, "Iron Blue". The payment terms as stated in the agreement called for C.O.D. In accordance with the terms of the sale, delivery in full was made to debtor's place of business by Interstate Motor Freight, a common carrier, acting as Manchem's agent for purposes of the C.O.D. payment. Debtor, upon delivery, tendered to Manchem's agent a check drawn on defendant, Chemical Bank, in the amount of $4,560.00. This transaction took place on November 17, 1980. Plaintiff deposited the check for collection on December 8, 1980, attributing the three week delay to normal business practices and the time of year (Christmas season). After being stamped "paid" on December 19, 1980, the check was dishonored by Chemical Bank, apparently due to insufficient funds in debtor's account. As a result, Manchem filed this complaint, seeking relief from the automatic stay imposed on it by virtue of § 362(a)(3) of the Bankruptcy Code, in order to regain possession of those chemicals, or, in the alternative, their monetary equivalent.

It is Manchem's contention, that by virtue of § 2–507(2) of the Uniform Commercial Code, the chemicals never became property of the debtor's estate within the meaning of § 541 of the Bankruptcy Code and therefore were never subject to the security interest asserted by Chemical Bank. Manchem further contends that defendant, without authorization, set off the debtor's funds in its possession.

Chemical Bank denies that it set off the debtor's funds within its possession and further denies that the chemicals are not property of the debtor's estate. In addition, defendant asserts that the chemicals are subject to its security interest.

Plaintiff's request for relief from the automatic stay is governed by § 362(d) of the Bankruptcy Code, 11 U.S.C. 362(d) which states

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay

(1) for cause, including the lack of adequate protection of interest of property of such party in interest; or

(2) with respect to stay of an act against property, if—

(A) The debtor does not have an equity interest in such property; and

(B) Such property is not necessary to an effective reorganization

Clearly, the grounds set forth for relief from stay in § 362(d)(1) of the Bankruptcy Code are not exclusive. Actions "which involve the rights of third parties often will be permitted to proceed in another forum." 2 *Colliers on Bankruptcy* at 362–50 (15th ed.). The instant action is no more than a dispute between third parties and only incidentally involves the debtor, as an alleged bailee of the goods in issue. The resolution of this issue will in no way frustrate the orderly distribution of the assets of the estate. Furthermore, counsel for the defendant consented to the modification of stay during the hearing held June 9, 1981. See Transcript of June 9, 1981 at p. 8.

Accordingly, having held that this is a dispute between third parties, and having found no opposition to this motion, this Court, in adhering to the mandatory nature of the language of § 362(d) of the Bankruptcy Code, grants Manchem the modification of stay it seeks, so that it may pursue any and all remedies afforded it under 2–507(2) of the Uniform Commercial Code.

It is so ordered.