Stanford Lerch, Phoenix, Ariz., for plaintiff.

William Piatt, Phoenix, Ariz., for defendant.

### MEMORANDUM DECISION

VINCENT D. MAGGIORE, Bankruptcy Judge.

This action arose out of a complaint to turnover property filed by the Debtor. The Debtor has filed a Motion for Summary Judgment and the Defendant has filed a Cross-Motion for Summary Judgment.

This matter was submitted on the following facts: In 1979, Sunrise Equipment and Development Corporation (debtor) entered into a lease/purchase agreement with Pacific American Leasing Corporation (defendant) for a construction tractor. The agreement provided for the debtor to make 48 payments of $2,575.30 each. After making these payments, the debtor was to pay $1.00 for title of the tractor. The debtor made 25 payments then defaulted. The defendant then brought suit in state court for breach of contract as well as replevin of the equipment.

The state court issued a stipulated Order allowing the defendant to replevin the equipment without the necessity of posting bond. The court further ordered the defendant not to sell the property for 30 days, to allow the debtor time to bring all past due payments current and reinstate the agreement. The debtor was never able to make past due payments current.

The debtor subsequently filed a Chapter 11 Bankruptcy Petition.

The issue before the Court is:

**In re SUNRISE EQUIPMENT AND DEVELOPMENT CORP., Debtor.**

**SUNRISE EQUIPMENT AND DEVELOPMENT CORP., Plaintiff,**

v.

**PACIFIC AMERICAN LEASING CORP., Defendant.**

**Bankruptcy No. B–81–2678 PHX–VM. Adv. No. 82–0033 VM.**

United States Bankruptcy Court, D. Arizona.

July 15, 1982.

Is a debtor-in-possession entitled to a turnover order for property in which the Debtor has a right of redemption, a right to cure default, or some other continuing right which creates a contingent possessory right?

This question has created much conflict among Bankruptcy Judges and District Courts throughout the nation. The cases are virtually split. One side, following a line of reasoning explained in *Cross-Electric, Inv., v. United States,* 664 F.2d 1218 (4 Cir.1981) holds that the debtor-in-possession retains the same right the debtor had in property immediately prior to the filing of the Bankruptcy. That is, if the debtor had a right of redemption, the only interest the debtor-in-possession obtains is a right of redemption.

The other line of reasoning, as set forth in *United States of America v. Whiting Pools, Inc.,* 674 F.2d 144 (C.C.A. 2d Cir., 1982), is that the Bankruptcy Court can order the turnover of property to the debtor-in-possession, in property in which the debtor only had a contingent possessory interest, as long as adequate protection can be provided to the secured party.

This court finds the reasoning in Whiting Pools (supra) pursuasive and holds that in a Chapter 11 reorganization, the Bankruptcy Court has the power under Section 542 to order the turnover of property repossessed or executed upon by a secured creditor, following the debtor's default and prior to his filing for relief, when the property has not yet been sold.

Section 542 requires the turnover "of property that the trustee may use, sell or lease under Section 363...". Section 363(c)(1) directs that in a Chapter 11 proceeding the trustee ... may use, sell or lease "property of the estate" in the ordinary of course of business, but § 363(a) requires that the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest". Section 541(a)(1) provides that an estate is compromised of "all legal or equitable interests of the debtor in property as of the commencement of the case".

The defendant leasing company alleges that the property of the estate which must be delivered to the trustee consists only of any interests in property belonging to the debtor at the time of filing the petition. The defendant concludes that at the commencement of the case, the debtor's only interest in the tractor was a right of redemption. Therefore, only that redemption right became part of the property of the estate subject to turnover.

Although there is some force in the Defendants' statutory construction, we ultimately must reject it. These provisions cannot be read with the ease of a computer. There is a need to keep in view the structure of the statute and its history.

The Defendants' interpretation of § 542 would be a significant departure from the treatment of reorganization proceedings under the former Bankruptcy Act. In reorganization cases under the Act, a bankruptcy court had broad powers to order secured creditors in possession following the debtor's default to turn over their collateral. *Reconstruction Finance Corporation v. Kaplan,* 185 F.2d 791 (1 Cir.1950); *Grand Boulevard Investment Co. v. Strauss,* 78 F.2d 180 (8 Cir.1935).

Creditors reading of § 541 would have the effect of reversing this settled law. We see no evidence that any such drastic change was intended. If Congress had set out to make such a major change, some clear and unambiguous indication of that purpose would appear. We find no such indication in the new Code or its legislative history.

Indeed, an examination of the legislative history antedating 1979 compels a broad view of § 542's turnover power. The House and Senate subcommittee hearings contain a number of statements regarding the bankruptcy courts' turnover power. The following pattern emerges from the testimony: Witnesses said it was clear that the bankruptcy courts were intended to have (and should have) the authority to order the turnover of collateral from secured creditors in possession. Concern was

expressed that the early drafts of the Code failed to set forth the basis for such a turnover power in sufficiently explicit detail; consequently, redrafting of the legislation on this point was urged. Witnesses also suggested that turnover be preceded by the provision of adequate protection for secured creditors' interests. We are not aware of any witness opposing a broad turnover power if accompanied by proper provisions for protection *United States v. Whiting Pools, Inc.,* 674 F.2d 144 (C.C.A., 2d. Cir., 1982).

This rationale becomes even more compelling when one considers that if § 542 did not authorize compelling turnovers by secured creditors in possession, apparently its only use would be to authorize obtaining property from persons in wrongful possession following theft or conversion.

Finally, we must also consider the fact that the debtor has not asked us to invalidate the creditors' claim with regard to the tractor. He has asked only to have the use of the property in what he believes, and this Court believes, might be a successful rehabilitation. This result could be to the advantage of the plaintiff creditor as well as other interested parties. Here we must give some weight to the purpose of the Code in helping to save troubled businesses. 124 Cong.Rec. H 11089 (daily ed. Sept. 28, 1978) Allowing the creditors to strip a failing company of its tangible assets would impact seriously on this goal.

For the foregoing reasons, this court rejects the Creditors' reading of §§ 542 and 541 in the present context. We further hold that in such a case the bankruptcy court has power under § 542 to order the turnover of property repossessed or executed upon by a secured creditor upon the showing by the debtor that the creditor is adequately protected.

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.