**In re MEGO INTERNATIONAL, INC., Debtor,**

**CITY INSURANCE COMPANY, Plaintiff,**

v.

**MEGO INTERNATIONAL, INC., Defendant.**

Bankruptcy No. 82 B 11117.
Adv. No. 82–6133–A.

United States Bankruptcy Court,
S.D. New York.

March 18, 1983.

Levin & Weintraub, New York City, Spengler, Carlson, Gubar, Brodsky & Rosenthal, New York City, for debtor.

Dennis R. Yeager, New York City, for plaintiff.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Plaintiff, City Insurance Company ("City Insurance"), seeks an order to modify the automatic stay provided in section 362(a) of the Bankruptcy Reform Act of 1978 ("Code"), in order to pursue its pending suit against Mego International, Inc., ("Mego") the insured debtor, and certain of its insured officers and directors. In that suit,

City Insurance seeks to rescind or determine coverage under an insurance contract. City Insurance contends that the state court proceeding will not affect or interfere with the debtors assets or its reorganization effort and thus need not be stayed. Having considered the arguments presented at hearings, all papers submitted, and the applicable law, this Court denies plaintiff's request to modify the stay.

*Facts*

City Insurance issued to the debtor, Mego, a Directors and Officers Liability and Company Reimbursement Liability Policy ("Policy"), effective from September 6, 1979 through September 5, 1982. The Policy insures the directors and officers of Mego ("Insureds") for amounts that they are legally obligated to pay pursuant to claims made against them regarding certain wrongful acts. The Policy defines wrongful acts as "any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty by the Insureds while acting in their individual or collective capacities...." Policy at p. 1. Concurrently, the Policy insures Mego for amounts that the corporation may be "required or permitted" to pay to the insureds as indemnification for expenses incurred due to such wrongful acts. Policy at p. 3.

It is not disputed that in May 1982, certain insured officers and directors of Mego were indicted by a grand jury sitting in the United States District of New York for various federal crimes and that of those indicted, Messrs. Abrams, Siegel, and Stuckey, have since been convicted. City Insurance alleges that in a letter dated July 14, 1982, it returned all the premiums paid by Mego and notified the Insureds of a rescission of the Policy, based on the grounds that the Insureds misrepresented material facts in the Policy application. In a letter dated July 26, 1982, the Insureds rejected the rescission and returned the premium to City Insurance. City Insurance commenced an action against Mego and the insured individuals on or about July 16, 1982, in the Supreme Court of the State of New York ("State Court Action"). In that action, City Insurance seeks a judgment declaring its rescission of the Policy to be valid or, alternatively, a determination as to City Insurance's right to deny coverage under the terms of the Policy.

On June 14, 1982, Mego filed in this Court a petition for reorganization under Chapter 11 of the Bankruptcy Code. By a letter dated July 19, 1982, counsel for Mego informed counsel for City Insurance of the Bankruptcy filing and that the State Court Action was automatically stayed. City Insurance filed this adversary proceeding to lift the stay.

*Jurisdiction*

Mego and City Insurance do not dispute that under section 1471, 28 U.S.C. § 1471, this Court has jurisdiction over the State Court Action. City Insurance urges this Court to lift the stay on grounds that the State Court Action will not impact upon the debtor's reorganization.

Mego asserts, to the contrary, that both the insurance contract and any proceeds payable qualify as property of the estate over which this Court has exclusive jurisdiction; therefore, this Court is the only forum that may hear City Insurance's suit. Whether or not the Policy or proceeds payable constitute Mego's property is not a dispositive issue in determining whether to lift the stay in this case. While it is true that section 1471(e) of the Code grants this Court "exclusive" jurisdiction over the property of the debtor, such exclusive jurisdiction does not prevent the Court from allowing, in proper circumstances, an action regarding property to continue in state court. *See In re Calabria,* 5 B.R. 73, 75 (Bkrtcy.D.Conn.1980); *Thompson v. Magnolia Petroleum,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). Since both parties agree that this Court may assert jurisdiction over the State Court Action, the only critical issue to be decided is whether or not, given the facts of this case, continuation of the stay is warranted.

*Stay of the State Court Action*

Plaintiff's request for relief from the automatic stay is governed by Bankruptcy Code section 362, subsection (d) which provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under ... this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such property in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
> (a) the debtor does not have equity in such property, and
>
> (b) such property is not necessary to an effective reorganization.

■ In exercising its power to vacate or modify a stay, the court must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate. *In re Terry,* 12 B.R. 578 (Bkrtcy.E.D.Wis.1981). A court may lift a stay for actions which bear little relation to the bankruptcy case. *See 2 Collier on Bankruptcy* ¶ 362.07, at 362–50 (15th ed. 1982). Such lack of connection with the title 11 case occurs where the action essentially involves third parties, the debtor functions only as a bailee or conduit for the goods or proceeds in question, and resolution of the issue in no way frustrates the orderly distribution of assets of the estate. *See In re Columbia Ribbon & Carbon Manufacturing Co., Inc.,* 13 B.R. 276. (Bkrtcy.S. D.N.Y.1981).

■ In the instant case, if Mego recovers anything under the Policy, the corporation would be more than a mere conduit for the flow of proceeds from City Insurance to insured individuals. *See 4 Collier on Bankruptcy* ¶ 541.01, at 541–7 (15th ed. 1982). Mego would instead be directly benefitted and such property would constitute property of the estate. *See In re Moskowitz,* 13 B.R. 357 (Bkrtcy.S.D.N.Y.1981) (court held that, in absence of a constructive trust, payment to a hospital of insurance proceeds contractually owed to debtors to cover medical expenses diminished assets of the estate to the extent of payment). First, Mego claims to have paid out $494,805.00 in legal expenses for which it expects reimbursement from City Insurance. Therefore, any proceeds payable under the policy would increase the total assets available for Mego's creditors and thus impact directly upon the reorganization. Second, Mego claims to have incurred additional expenses of $119,570.00 for which it also expects coverage under the Policy. If there are insured officers or directors legitimately entitled to indemnity from Mego and the debtor does recover proceeds from City Insurance, the debtor then can indemnify such insureds and avoid increasing the number of claimants against the estate. Thus, City Insurance's suit impacts upon property and administration of Mego's estate, suggesting that continuance of the stay is proper. *See In re Penn-Dixie Industries, Inc.,* 6 B.R. 832 (Bkrtcy.S.D.N.Y.1980).

■ A court may nevertheless decide to allow a suit commenced in state court to proceed in that forum if a decision in that suit requires judicial interpretation of intricate or ambiguous state law or resolution of unsettled state law questions, such functions being more properly within the expertise of a state court. *See In re Kimrey,* 10 B.R. 466 (Bkrtcy.M.D.N.C.1981); *In re Calabria,* 5 B.R. 73 (Bkrtcy.D.Conn.1980); *Thompson v. Magnolia Petroleum,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). There is no evidence here that City Insurance's claim against Mego involves application of legal principles beyond the capacity of the bankruptcy court. Moreover City Insurance has not shown that it will be either prejudiced or harmed by this Court's continuance of the stay. *In re Harris,* 16 B.R. 371 (Bkrtcy.E.D.Tenn.1982); *In re Penn-Dixie Industries, Inc.,* 6 B.R. 832 (Bkrtcy.S.D.N.Y.1980).

Based on the foregoing analysis this Court finds it proper to deny plaintiff's motion to lift the stay with respect to the State Court Action against Mego.

Finally, pursuant to Emergency Bankruptcy Rule I (S.D.N.Y. Dec. 21, 1982) ("Emergency Rule"), by which this Court is empowered to act, this Court determines that this denial of relief from the automatic stay "is not a "related proceeding" as defined in the Emergency Rule. See Emergency Rule ¶ (3)(A). Therefore this Court may enter the denial.

It is so ordered.