In re PIED PIPER CASUALS,
INC., Debtor,

Robert M. FISHER, as Trustee of Pied
Piper Casuals, Inc., Plaintiffs,

v.

The INSURANCE COMPANY OF the
STATE OF PENNSYLVANIA,
Defendants.

Bankruptcy No. 85 Civ. 782
84 B 10290.
84 Adv. 6206A.

United States District Court,
S.D. New York.

March 14, 1985.

As Amended March 21, 1985.

---

### MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Robert Fisher ("Fisher"), Chapter 7 Trustee of Pied Piper Casuals, Inc. ("Pied Piper") commenced this suit in the Bankruptcy Court to recover the proceeds of an insurance policy issued by the defendant, The Insurance Company of the State of Pennsylvania ("ICSP"), to which Pied Piper claims it is entitled. ICSP now moves this court for an order transferring the case from the Bankruptcy Court to the District Court of the Southern District of New York. The motion is denied.

ICSP claims that the Bankruptcy Court is without final jurisdiction over this case since the action is not a "core proceeding" as described in 28 U.S.C. § 157(b). The recently enacted Bankruptcy Law sets forth two categories of cases: core and non-core proceedings. 28 U.S.C. § 157(b) and (c)(1). Core proceedings are those cases which closely concern the administration of the bankrupt's estate, and they may be heard and finally determined by the Bankruptcy Court. Non-core proceedings are proceedings not enumerated in § 157(b)(2) arising under Title 11 or arising in or related to a case under Title 11 and while they may be heard by the Bankruptcy Court, any final order or judgment must be entered by the District Court unless the parties consent to giving the Bankruptcy Court to power to make a final determination. 28 U.S.C. § 157(b)(3) states that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." *See In re Lion Capital Group*, slip op. 84–B–10668–72 (Bank.Ct. Feb. 13, 1983). The statute also provides that in any proceeding, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

ICSP has moved for a withdrawal of the referral to the Bankruptcy Court under § 157(d) solely on the grounds that the action is a "non-core" proceeding. However, there has been no determination by the Bankruptcy Judge, pursuant to § 157(b)(3), as to whether this is a core or

non-core proceeding. While § 157(d) allows a district judge to withdraw a referral for "cause shown," to permit such a withdrawal at this stage on the sole ground that the proceeding is non-core would disregard the provisions of § 157(b)(3) by removing the decision as to whether an action is a core proceeding from the Bankruptcy Court. Furthermore, it would be inconsistent with the policy of having bankruptcy cases initially considered by a judge with expertise in bankruptcy law. *See In re Kaiser,* 722 F.2d 1574, 1581 (2d Cir.1983); *In re Lion Capital Group, supra,* slip op. at 20. Because ICSP's motion is based wholly on a claim that should be determined by the Bankruptcy Court, the motion is denied with leave to renew following the Bankruptcy Court's decision if ICSP can demonstrate sufficient cause to come within 28 U.S.C. § 157(d).

IT IS SO ORDERED.