**In re FLINTROL, INC.**

**FLINTROL, INC., Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

Bankruptcy No. JO 86–110 S.
Adv. No. 87–572.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Oct. 13, 1988.

Keith Billingsley, Randy Coleman, Little Rock, Ark., for debtor.

Donn Mixon, Jonesboro, Ark., for Wal Mart.

## REPORT TO THE U.S. DISTRICT COURT AND RECOMMENDATION FOR REMAND PURSUANT TO RULE 9027(e) OF THE RULES OF BANKRUPTCY PROCEDURE

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a "Motion to Abstain or Withdrawal" filed in separate adversary proceeding No. 87–572 in the above referenced Chapter 11 reorganization pursuant to Title 11 of the U.S. Code. The underlying matter is a removed action which had been pending in Craighead County, Arkansas, Circuit Court since September 25, 1985. Although the debtor, Plaintiff in the state court action, filed it's Chapter 11 petition seeking relief under the Bankruptcy Code on May 7, 1986, it did not seek to remove this state court action until August of 1987, some sixteen months after the bankruptcy petition was filed. The Defendant in the state court action filed this "Motion to Abstain or Withdrawal," asking that the bankruptcy court abstain from hearing this matter in favor of its disposition in the state court. In the alternative, the Defendant asks that the United States District Court withdraw the case from the

bankruptcy court in favor of its disposition there. Both requests were filed with the bankruptcy court.

■ The bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 1334(c) and Bankruptcy Rule of Procedure 5011(b) to hear the Motion for abstention or what is essentially a request that the matter be remanded to the state court wherein the action was initially filed. The bankruptcy court, on the other hand, does not have jurisdiction to hear the Motion for withdrawal pursuant to Bankruptcy Rule of Procedure 5011(a) which requires that motions for withdrawal be heard by a district judge. Since the bankruptcy court makes the following findings and recommendations to the district court that this removed matter be remanded to the Craighead County, Arkansas, Circuit Court for further proceedings, however, the failure to file the Motion to withdraw with the district court becomes irrelevant.

Flintrol, Inc. ("debtor") filed its Complaint in the Circuit Court of Craighead County, Arkansas on September 25, 1985 to recover an account receivable from Wal Mart Stores, Inc. ("Wal Mart"). The Complaint alleged that Wal Mart was indebted to the debtor in the amount of $574,375.87 for merchandise sold on an open account. Wal Mart filed an answer and a Counterclaim and in its Counterclaim generally alleged that the debtor was indebted to Wal Mart and that the action brought by the debtor was maliciously prosecuted. Wal Mart requested a jury trial and sought punitive damages in an undetermined amount. The debtor filed an Amended Complaint against Wal Mart also seeking punitive damages in the amount of $3,000,-000.00 for withholding payments and for malicious and oppressive conduct. Wal Mart, in turn, filed an amendment to its counterclaim and again asserted that the debtor acted in bad faith and sought additional punitive damages in an undetermined amount. The entire matter, including amendments by both parties, was removed to the bankruptcy court upon petition of the debtor in August of 1987, sixteen months after the debtor filed for protection in the bankruptcy court. Wal Mart, in support of its request that the matter be returned to state court contends that the underlying action is based upon a state law claim or cause of action and is not a core proceeding over which the bankruptcy court has jurisdiction to enter a final order. Wal Mart further asserts that the Court should abstain and send the matter back to state court, the only court wherein the matter could have been commenced because the matter is only related to a case filed pursuant to Title 11 of the U.S. Code and does not arise under Title 11.

The creditors' committee and the debtor have filed briefs in opposition to Wal Mart's motion arguing that the action, a suit on an open account for an uncollected account receivable, is a claim by the estate, recovery of which will substantially affect the assets available for distribution to creditors of the bankruptcy estate. They assert that since Wal Mart holds potential assets of the estate, the bankruptcy court can determine that the action is one for turnover of property of the estate and is thus a core proceeding invoking the jurisdiction of the bankruptcy court pursuant to 11 U.S.C. § 157(b)(2)(A), (E), and (O). The creditors' committee and the debtor also rely heavily on the fact that Wal Mart's counterclaim, recovery of which could affect distribution of assets of the estate, has in some way altered the initial character of the lawsuit bringing the entire action within the jurisdiction of the bankruptcy court as a core proceeding.

In 1982 the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) held that the key jurisdictional provision of the Bankruptcy Act of 1978, 28 U.S.C. § 1471, was unconstitutional. The specific issue in that case was whether the bankruptcy court possessed the constitutional power to adjudicate a bankrupt's state law contract claim that arose before the filing of the bankruptcy petition. The Supreme Court held that federal bankruptcy judges lacked the constitutional power to adjudicate the ordinary state law contract claim because they "do not enjoy the protections constitution-

ally afforded to Article III judges." *Id.* at 60, 102 S.Ct. at 2866. See also, *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 105 S.Ct. 3325, 3334, 87 L.Ed.2d 409 (1985) wherein the Court characterized its own opinion in *Marathon* as establishing only

> that Congress may not vest in a non-Article III court the power to adjudicate, enter final judgment, and issue binding orders in a traditional contract action arising under state law without consent of the litigants and subject only to ordinary appellate review.

*Id.* 105 S.Ct. at 3334–35. This narrowed view has been reaffirmed. See *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 3251, 92 L.Ed. 2d 675 (1986).

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA) was passed by Congress in an attempt to cure the constitutional infirmity in the jurisdictional provision of the Bankruptcy Act of 1978. BAFJA grants the U.S. district court jurisdiction over all cases under Title 11. 28 U.S.C. § 1334. The district court may refer any or all cases under Title 11, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy court. 28 U.S.C. § 157(a). The district court in both the Eastern and Western Districts of Arkansas has adopted Local Rule 32 referring all cases and proceedings under, arising in or related to Title 11 to the bankruptcy court. The new jurisdictional provisions of BAFJA distinguish between "core" bankruptcy proceedings and those that are merely "related to" (non-core) Title 11 cases. 28 U.S.C. § 157.

Core proceedings are defined in 28 U.S.C. § 157(b)(1) as those controversies that bankruptcy courts may hear and finally determine. If the controversy is determined to be non-core under 28 U.S.C. § 157(c)(1), the bankruptcy court is limited to merely hearing the case and submitting proposed findings of fact and conclusions of law to the U.S. district court. Any final order or judgment shall be entered by the district court after considering the bankruptcy judge's findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected.

■ Section 157(b)(2) of Title 28 of the U.S. Code lists those proceedings considered to be core proceedings. Actions involving accounts receivable are not listed, but 28 U.S.C. § 157(b)(2) is not meant to be all inclusive. The resolution of the issue of whether actions brought by debtors to collect accounts receivable are or are not core proceedings has resulted in disagreement among the courts as has been pointed out in the briefs of parties. This Court has reviewed and considered numerous cases on this issue and agrees with the reasoning and conclusion reached by the bankruptcy court in *In re Century Brass Products, Inc.*, 58 B.R. 838 (Bankr.D.Conn.1986).[1] In that case, the court concluded that a finding that debt collection actions are core proceedings would be contrary to the holdings in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Cen-*

**1.** Accord: *Mohawk Indus. v. Robinson Indus.*, 46 B.R. 464 (D.Mass 1985); *Pierce v. Airport Devel. Co. (In re Pierce)*, 44 B.R. 601 (D.Colo.1984); *Shaford Cos., Inc. v. Curr International Coffees, Inc., (In re Shaford Cos., Inc.)*, 52 B.R. 832 (Bankr.D.N.H.1985); *Nanodata Computer Corp. v. Killmorgen Corp. (In re Nanodata Computer Corp.)*, 52 B.R. 334 (Bankr.W.D.N.Y.1985); *Maislin Indus. v. CJ Van Houten (In re Maislin Indus.)*, 50 B.R. 943 (Bankr.E.D.Mich.1985); *Braucher v. Continental Ill. Nat'l Bank & Trust (In re Illinois–California Express, Inc.)*, 50 B.R. 232 (Bankr.D.Colo.1985); *Bokum Resources Corp. v. LILCO (In re Bokum Resources Corp.)*, 49 B.R. 854 (Bankr.D.N.M.1985); *Appel v. Mainstar Oil Co. (In re B & L Oil Co.)*, 46 B.R. 731 (Bankr.D.Colo.1985); *Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas Automation, Inc.)*, 42 B.R. 246 (Bankr.E.D.Mich.1984). Contra: *Willis v. Ryan (In re Bucyrus Grain Co.)*, 56 B.R. 204 (Bankr.D.Kan.1986); *In re Wood*, 52 B.R. 513 (Bankr.N.D.Ala.1985); *Franklin Computer Corp. v. Harry Strauss & Sons, Inc. (In re Franklin Computer Corp.)*, 50 B.R. 620 (Bankr.E.D.Pa. 1985); *Fisher v. Insurance Co. of Pa. (In re Pied Piper Casuals)*, 50 B.R. 549 (Bankr.S.D.N.Y. 1985); *Brodsky v. Schnepper (In re Gross)*, 48 B.R. 674 (Bankr.E.D.Pa.1985); *Baldwin–United Corp. v. Thompson (Matter of Baldwin–United Corp.*, 48 B.R. 49 (Bankr.S.D.Ohio 1985); *Lesser v. A–Z Assoc. (In re Lion Capital Group)*, 46 B.R. 850 (Bankr.S.D.N.Y.1985) at 844.

*tury Brass,* the debtor-in-possession filed complaints against three related defendant corporations seeking to recover monies on prepetition accounts receivable. The Court determined that the only way debt collection actions could be found to be core proceedings would be to ignore the holding in the *Marathon* case.

 The pending removed action, when stripped of its characterization as a turnover action, is nothing more than a state law cause of action for an alleged breach of contract to recover a money judgment against the Defendant. It is a contested collection suit, the classic *"Marathon* type suit" which is "concerned only with state law issues that did not arise in the core bankruptcy function of adjusting debtor-creditor rights." 130 Cong.Rec. H1848 (daily ed. March 21, 1984). See, also, *Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 168 (Bankr.E.D.N.Y.1986). Hence, the bankruptcy court cannot enter a final order in the action.

The Court recognizes that in non-core matters, unless the parties consent to bankruptcy court jurisdiction, it may have authority to hear the matter and submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). It also recognizes, however, that it has the discretion to (and sometimes must) abstain from hearing non-core matters leaving the parties to sue in state court. 28 U.S.C. § 1334(c). See, in this regard, *In re World Financial Services Center, Inc.,* 64 B.R. 980, 989 (Bankr.S.D. Cal.1986) wherein the court noted that a bankruptcy court "may abstain from hearing a bankruptcy case proceeding related to a case under Title 11, in the interest of justice, or in the interest of comity with state courts or respect for state law. 28 U.S.C. § 1334." The Defendant does not consent to bankruptcy court jurisdiction. Thus, the Court must make a determination whether it's jurisdiction which is limited to hearing the matter and submitting findings and conclusions to the district court best serves the interests of judicial economy.

Given the circumstances presented in this case, the Court believes that all issues raised by the parties in this action can most quickly, fairly and finally be adjudicated in the state court where the action was originally lodged by the debtor and was pending for over two years before it was removed to the bankruptcy court. The debtor obviously did not perceive any urgency with regard to resolution of the matter because the case was neither removed to the bankruptcy court nor pursued in state court in a timely manner. The court finds, under the circumstances, that there does not really exist any necessity for the bankruptcy and district courts to engage in the very time consuming fractured hearing process for non-core matters outlined above. The state court can quickly enter a final order on *all* issues raised in this contested collection action.

Accordingly, pursuant to Rule 9027(e) of the Rules of Bankruptcy Procedure, the bankruptcy court makes the hereinabove report to the U.S. District Court and recommendation for remand.

IT IS SO ORDERED.